Stephen M. Doniger, Esq. (SBN 179314)
Internet: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Internet: scott@donigerlawfirm.com
**DONIGER/BURROUGHS, APC**
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MERIDIAN TEXTILES, INC., a California Corporation,

Plaintiff,

vs.

TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 10,

Defendants.

Case No.: CV11- 8351 GAF (AGRx)

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

AND

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT.

Jury Trial Demanded

Meridian Textiles, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the apparel industry.

1

COMPLAINT

Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Customers of Plaintiff, which Plaintiff believes include Doe Defendants herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business, including advertising, in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this judicial district is the one in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant TOPSON DOWNS OF CALIFORNIA, INC. ("TOPSON") is a corporation organized and existing under the laws of the State of California with its principal offices in Los Angeles, California.

6. Plaintiff is informed and believes and thereon alleges that Defendant TARGET CORPORATION ("TARGET") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403, and doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART STORES, INC. ("WAL-MART") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 702 SW Eighth Street, Bentonville, Arkansas 72712, and doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted Designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to

1   amend this Complaint to show their true names and capacities when same have been
2   ascertained.

3       10. Plaintiff is informed and believes and thereon alleges that at all times
4   relevant hereto each of the Defendants was the agent, affiliate, officer, director,
5   manager, principal, alter-ego, and/or employee of the remaining Defendants and was
6   at all times acting within the scope of such agency, affiliation, alter-ego relationship
7   and/or employment; and actively participated in or subsequently ratified and
8   adopted, or both, each and all of the acts or conduct alleged, with full knowledge of
9   all the facts and circumstances, including, but not limited to, full knowledge of each
10  and every violation of Plaintiff's rights and the damages to Plaintiff proximately
11  caused thereby.

12      **CLAIMS RELATED TO DESIGN NO. S1479 (Multi Animal Skin)**

13      11. Prior to the conduct complained of herein, Plaintiff created a two-
14  dimensional artwork for purposes of textile printing which it entitled "S1479", aka
15  "multi animal skin" ("Subject Design 1").

16      12. Subject Design 1 was registered with the Copyright Office on August 15,
17  2008, receiving Registration No. VA 1-648-141. A true and correct copy of Subject
18  Design 1 with its registration certificate is attached hereto as Exhibit One.

19      13. Prior to the acts complained of herein, Plaintiff sampled and sold fabric
20  bearing Subject Design to numerous parties in the fashion and apparel industries.

21      14. Following this distribution of product bearing the Subject Design,
22  Plaintiff's investigation revealed that certain entities within the fashion and apparel
23  industries had misappropriated the Subject Design, and were selling fabric and
24  garments bearing illegal reproductions and derivations of that design. Said garments
25  include, but are not limited to, shirts sold at TARGET under SKU 9021150865
26  bearing the label "Pure Energy" and the RN 17730. A true and correct copy of one
27  such garment is attached hereto as Exhibit Two. Plaintiff is informed and believes

28

1   and thereon alleges that said garments were manufactured for TARGET by

2   Defendant TOPSON.

3

4        **CLAIMS RELATED TO DESIGN NO. I03879-BO-JF (Madagascar)**

5        15. Prior to the conduct complained of herein, Plaintiff created a two-

6   dimensional artwork for purposes of textile printing which it entitled "I03879-BO-

7   JF", aka "Madagascar" ("Subject Design 2").

8        16. Subject Design 2 was registered with the Copyright Office on January 6,

9   2010, receiving Registration No. VA 1-697-624. A true and correct copy of Subject

10  Design 2 with its registration certificate is attached hereto as Exhibit Three.

11       17. Prior to the acts complained of herein, Plaintiff sampled and sold fabric

12  bearing Subject Design to numerous parties in the fashion and apparel industries.

13       18. Following this distribution of product bearing the Subject Design,

14  Plaintiff's investigation revealed that certain entities within the fashion and apparel

15  industries had misappropriated the Subject Design, and were selling fabric and

16  garments bearing illegal reproductions and derivations of that design. Said garments

17  include, but are not limited to, shirts sold at TARGET under SKU 9021150858

18  bearing the label "Pure Energy" and RN 17730. A true and correct copy of one such

19  garment is attached hereto as Exhibit Four. Plaintiff is informed and believes and

20  thereon alleges that said garments were manufactured for TARGET by Defendant

21  TOPSON.

22

23        **CLAIMS RELATED TO DESIGN NO. I03703-BO-JF**

24       19. Prior to the conduct complained of herein, Plaintiff created a two-

25  dimensional artwork for purposes of textile printing which it entitled "I03703-BO-

26  JF" ("Subject Design 3").

27

28

20. Subject Design 3 was registered with the Copyright Office on January 6, 2010, receiving Registration No. VA 1-697-620. A true and correct copy of Subject Design 3 with its registration certificate is attached hereto as Exhibit Five.

21. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

22. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of that design. Said garments include, but are not limited to, shirts sold at TARGET under SKU 9021150870 bearing the label "Pure Energy". A true and correct copy of one such garment is attached hereto as Exhibit Six. Plaintiff is informed and believes and thereon alleges that said garments were manufactured for TARGET by Defendant TOPSON.

## CLAIMS RELATED TO DESIGN NO. S2088

23. Prior to the conduct complained of herein, Plaintiff created a two-dimensional artwork for purposes of textile printing which it entitled "S2088" ("Subject Design 4").

24. Subject Design 4 was registered with the Copyright Office on September 8, 2009, receiving Registration No. VA 1-716-178. A true and correct copy of Subject Design 4 with its registration certificate is attached hereto as Exhibit Seven.

25. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

26. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of that design. Said garments

include, but are not limited to, shirts sold at TARGET under SKU 9016103424 bearing the label "Mossimo Supply Co.". A true and correct copy of one such garment is attached hereto as Exhibit Eight. Additionally, said garments include, but are not limited to, shirts sold at WAL-MART under SKU 715209862839 and SKU 715209862877 bearing the label "Kelly Renee" and the RN 44480. Plaintiff is informed and believes and thereon alleges that said garments were manufactured for TARGET and WAL-MART by Defendant TOPSON.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

27. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 26, inclusive, of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

29. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized

print designs that were identical or substantially similar to the Subject Design or were an illegal modification thereof.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Subject Garments through a nationwide network of retail stores, catalogues, and through on-line websites.

31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that the above-referenced acts of copyright infringement were committed with knowledge and/or reckless disregard of Plaintiffs copyrights, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement –

Against All Defendants, and Each)

35. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 34, inclusive, of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

38. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

39. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

40. Plaintiff is informed and believes and thereon alleges that the above-referenced acts of copyright infringement were committed with knowledge and/or reckless disregard of Plaintiffs copyrights, subjecting Defendants, and each of them,

to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows against each Defendant with respect to each claim for relief:

   a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

   d. That Plaintiff be awarded costs, attorneys' fees, and pre-judgment interest as allowed by law;

   e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 4, 2011

DONIGER/BURROUGHS APC

By: _____
Stephen M. Doniger, Esq.
Attorneys for Plaintiff
MERIDIAN TEXTILES, INC.

10
COMPLAINT

# EXHIBIT 1

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

VA 1-648-141

**Effective date of registration:**

August 15, 2008

## Title

**Title of Work:** S1479 aka multi animal skin

## Completion/ Publication

**Year of Completion:** 2008

**Date of 1st Publication:** July 7, 2008      **Nation of 1st Publication:** United States

## Author

**Author:** meridian textile

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States      **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** meridian textile

CA, Afghanistan

## Rights and Permissions

**Organization Name:** MERIDIAN TEXTILE

**Name:** jenny song

**Email:** jennys@meridiantex.com      **Telephone:** 323-584-3800

**Address:** 4599 District blvd.

vernon, CA 90058 United States

## Certification

**Name:** Myoung Chung

**Date:** August 14, 2008

**Correspondence:** Yes



# EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number

## VA 1-697-624

Effective date of
registration:

January 6, 2010

---

## Title

Title of Work: I03879-BO-JF MADAGASCAR

## Completion/ Publication

Year of Completion: 2009

Date of 1st Publication: February 14, 2009     Nation of 1st Publication: United States

## Author

■     Author: MERIDIAN TEXTILE

Author Created: 2-D artwork

Work made for hire: Yes

Citizen of: United States     Domiciled in: United States

## Copyright claimant

Copyright Claimant: MERIDIAN TEXTILE

6415 CANNING ST., COMMERCE, CA

## Rights and Permissions

Organization Name: MERIDIAN TEXTILE

Name: jenny song

Email: jennys@meridiantex.com     Telephone: 323-584-3800

Address: 6415 CANNING ST.

CITY OF COMMERCE, CA 90040

## Certification

Name: MYOUNG CHUNG

Date: January 5, 2010

---



# EXHIBIT 3

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-697-620

**Effective date of registration:**

January 6, 2010

---

**Title**

Title of Work: I03703-BO-JF

**Completion/ Publication**

Year of Completion: 2009

Date of 1st Publication: January 14, 2009   Nation of 1st Publication: United States

**Author**

- Author: MERIDIAN TEXTILE

Author Created: 2-D artwork

Work made for hire: Yes

Citizen of: United States   Domiciled in: United States

**Copyright claimant**

Copyright Claimant: MERIDIAN TEXTILE

6415 CANNING ST., COMMERCE, CA

**Rights and Permissions**

Organization Name: MERIDIAN TEXTILE

Name: jenny song

Email: jennys@meridiantex.com   Telephone: 323-584-3800

Address: 6415 CANNING ST.

CITY OF COMMERCE, CA 90040

**Certification**

Name: MYOUNG CHUNG

Date: January 5, 2010

---

Page 1 of 1



EXHIBIT 4

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**
VA 1-716-178

**Effective date of registration:**
September 8, 2009

---

## Title

**Title of Work:** S2082,S2083,S2084,S2085,S2086,S2087,S2088,S2089,S2090,S2091,S2092,S2093,S2094,S2095,S2096,S2097,S2098,S2099,S2100

## Completion/ Publication

**Year of Completion:** 2009

**Date of 1st Publication:** April 6, 2009          **Nation of 1st Publication:** United States

## Author

■          **Author:** MERIDIAN TEXTILE

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** MERIDIAN TEXTILE

## Rights and Permissions

**Organization Name:** MERIDIAN TEXTILE

**Name:** jenny song

**Email:** jennys@meridiantex.com          **Telephone:** 323-584-3800

**Address:** 6415 CANNING ST.

CITY OF COMMERCE, CA 90040

## Certification

**Name:** MYOUNG CHUNG

**Date:** August 10, 2009



Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation <br><br> **PLAINTIFF(S)** <br><br> v. <br><br> TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; <br> (See Attached "Schedule A") <br><br> **DEFENDANT(S).** | **CASE NUMBER** <br><br> **CV11-8351** GAF (AGRx) <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephen M. Doniger_____, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  __OCT - 7 2011_____

By: _____

SHEA BOURGEOIS

Deputy Clerk

**SEAL**

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# "SCHEDULE A"

MERIDIAN TEXTILES, INC., a California Corporation,

Plaintiff,

vs.

TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 10,

Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> MERIDIAN TEXTILES, INC., a California Corporation | DEFENDANTS <br> TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1-10 |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Stephen M. Doniger (SBN 179314) stephen@donigerlawfirm.com <br> DONIGER / BURROUGHS APC 300 Corporate Pointe, Suite 355 <br> Culver City, California 90230 (310) 590-1820 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No           ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. § 101

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-8351

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MERIDIAN TEXTILES, INC. California/Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| TOPSON DOWNS OF CALIFORNIA, INC. - California / LA County | TARGET CORPORATION - Minnesota<br>WAL-MART STORES, INC. - Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date **10/05/2011**

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 8351 GAF (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.