1  Stephen M. Doniger (SBN 179314)
2  stephen@donigerlawfirm.com
   Scott A. Burroughs (SBN 235718)
3  scott@donigerlawfirm.com
   DONIGER / BURROUGHS APC
4  300 Corporate Pointe, Suite 355
5  Culver City, California 90230
   Telephone: (310) 590-1820
6  Facsimile: (310) 417-3538
7
8  Attorneys for Plaintiff

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11
   MERIDIAN TEXTILES, INC., a         Case No.:  CV11-8351 RGK (AGRx)
12 California Corporation,            *Honorable R. Gary Klausner*
13                                    **PLAINTIFF'S NOTICE OF MOTION
   Plaintiff,                        AND MOTION FOR**
14                                    **RECONSIDERATION OF THE**
                                      **COURT'S ORDER DENYING**
15 vs.                               **PLAINTIFF'S MOTION FOR**
                                      **SUMMARY JUDGMENT AND *SUA***
16                                    ***SPONTE* GRANT OF  PARTIAL**
17 TOPSON DOWNS OF CALIFORNIA,        **SUMMARY JUDGMENT TO**
   INC., a California Corporation; TARGET  **DEFENDANTS;**
18 CORPORATION, a Minnesota
19 Corporation; WAL-MART STORES,      Date:  October 9, 2012
   INC., a Delaware Corporation; and DOES  Time:  9:00am
20 1 through 10,                      Courtroom: 850
21
22 Defendants.
23

24 **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

25      PLEASE TAKE NOTICE THAT on October 9, 2012, in Courtroom 850 of the
26 Roybal Federal Building, located 255 East Temple Street, Los Angeles, CA 90012,
27 Plaintiff Meridian Textiles, Inc., ("Meridian" or "Plaintiff") will respectfully move
28

this Court, pursuant to Federal Rule of Civil Procedure 60 and Central District Local Rule 7-18, for reconsideration of its August 24, 2012 Order (the "Order") *sua sponte* granting summary judgment in favor of Defendants.  This Motion is made on the grounds that (1) the Court erred in finding no issue of material fact that Plaintiff's "Zebra" design lacked the requisite originality to be validly copyrighted, (2) the Court erred in apparently ignoring the best evidence of the alleged infringement (the actual garments and fabric with Plaintiff's designs) when conducting its examinations of the designs at issue, (3) the Court engaged in an improper dissimilarity analysis in finding for a lack of substantial similarity, and (4) the Court erred in ignoring the inverse ration rule thus disallowing the jury to determine substantial similarity given the uncontroverted evidence of Defendants' access to Plaintiff's designs.  A manifest injustice will result if these errors are not reconsidered and rectified.

Pursuant to Local Rule 7-3, counsel conferred on September 4, 2012 regarding the substance of this motion.

This Motion is based on this Notice, the attached Memorandum of Law and all other oral and documentary evidence on file with this Court as well as any argument which may be presented at the hearing on this motion.

Respectfully submitted,

DONIGER / BURROUGHS APC

Dated:  September 17, 2012

By:    /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Attorney for Plaintiff

ii

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................iv

I.    INTRODUCTION ..................................................1

II.   ARGUMENT ...................................................... 1

A. Plaintiff Satisfies the Standard for Reconsideration. ...........1

B. The Sua Sponte Partial Summary Judgment Order for Defendants is Improper Due to the Court's Errors, and requires Reconsideration. .........................................3

   i.   The Court Erred in Finding No issue of Material Fact that Plaintiff's Zebra Design Lacked the Requisite Originality to be Validly Copyrighted. .....................................4

   ii.  The Court Erred in Exclusively Considering Samples from the Exhibits of the Deutchman Declaration (as Opposed to The Actual Garments and Textile Samples Submitted) in Making its Findings on Substantial Similarity. ........ 7

   iii. The Court Erred in Applying an Improper "Dissimilarity Analysis" When Considering Substantial Similarity .....................................8

   iv. The Court Erred by Ignoring the Inverse Ratio Rule Since Defendants' Proven Access to Plaintiff's Designs Reduces Plaintiff's Burden of Showing Substantial Similarity ...................................11

III.  CONCLUSION .................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                  **Page**

*Aliotti v. R. Dakin & Co,* 831 F.2d 898, 901 (9th Cir.1987) …………………………8

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) …………………………3

*Atari, Inc. v. North American Philips Consumer Electronics Corp.,*
            672 F.2d 607, 619 (7th Cir. 1982) ……………………………………9

*Buckingham v. U.S.,* 998 F.2d 735, 742 (9th Cir. 1993) …………….......................4

*Cavalier v. Random House, Inc.,*
            297 F.3d 815, 822 (9th Cir. 2002) …………………………………9, 10

*Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986) ……………………………3

*Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*
            409 F.2d 1315, 1316 (2d Cir. 1969) ………………………………9, 10

*Fuller v. City of Oakland*
            Cal. 47 F.3d 1522, 1533 (9th Cir. Cal. 1995) …...................................3

*Kouf v. Walt Disney Pictures & Television*
            16 F.3d 1042, 1045 (9th Cir. 1994) …………………………………9

*Lynn v. Sheet Metal Workers Intern. Ass'n.*
            804 F.2d 1472, 1483 (9th Cir. 1986) ……………………………....3

*Metcalf v. Bochco*
            294 F. 3d 1069, 1075 (9th Cir. 2002) …………………………………12

*North Coast Industries v. Jason Maxwell, Inc.*
            972 F.2d 1031, 1034 (9th Cir. 1992) ……………………………4, 5

*Rogan v. Menino,* 175 F.3d 75, 80 (1st Cir. 1999) …………………………………4

*Shaw v. Lindheim,* 919 F.2d at 1356,1361,1362 (9th Cir. 1990) ……………………12

*Sheldon v. Metro-Goldwyn Pictures Corp.,* 81 F.2d 49 (2d Cir.1936)……………….9

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*
            562 F.2d 1157, 1165 (9th Cir. 1977) …………………………………8

*Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir. 2000)…. …………12

*United States v. Philadelphia Nat'l Bank*
            374 U.S. 321, 353, 83 S.Ct. 1715, 10 L.Ed. 2d 915 (1963)………….....6

*U.S v. General Dynamics Corp.,* 828 F.2d 1356, 1362 (9th Cir.1987) …...................6

*Walker v. Time Life Films, Inc.,* 784 F.2d 44, 52 (2d Cir. 1986) ………......................7

*Williams v. Crichton,* 84 F.3d 581, 583 (2d Cir. 1996) …………………………………8


**Statutes**

Federal Rule of Civil Procedure, Rule 60 (b) …………………………………….ii, 2

U.S.C. Central District Local Rule, Rules 7-18, 7-3 ………………………….ii, 1, 2


**Miscellaneous**

*L.A. Printex, Inc.  v. Aeropostale, Inc.,* No. 10-56187  (9th Cir.) (Unpublished )……..5

Nimmer on Copyright, § 13.03[B][1] [a]; [E][3] (Matthew Bender, Rev. Ed)…….9, 10

## MEMORANDUM OF LAW

### I. INTRODUCTION

This action concerns four textile designs used by Defendants Topson Downs of California, Inc. ("Topson") that Plaintiff contends are unauthorized copies of four textile designs that Topson admits to having accessed from Plaintiff.  Given this access and undeniable similarities between Topson's designs and Plaintiff's designs, Plaintiff moved this Court for summary judgment as to liability.  However, on August 24, 2012, this Court granted summary judgment in favor of Defendants *sua sponte*, finding that Plaintiff's "Zebra" design was invalid as a matter of law for lack of originality, and that the remainder of Plaintiff's Subject Designs were not infringed by Defendants because Defendants' allegedly infringing designs ("Accused Designs") were not substantially similar to the applicable Subject Designs.

With all due respect to the Court, its August 24, 2012 Order was based on multiple examples of clear error that Plaintiff prays for it to reconsider.  Such error stands to frustrate the purpose and policy considerations underlying the Copyright Act, flies in the face of established Ninth Circuit precedent, and should be given a second review by the Court.  Upon reconsideration the ruling should be reversed and the case should be allowed to proceed to trial.

### II. ARGUMENT

#### A. Plaintiff Satisfies the Standard for Reconsideration.

Central District of California Local Rule 7-18 provides grounds upon which a district court may reconsider its ruling on a motion:

> "A motion for reconsideration of the decision on any motion may be
> made only on the grounds of (a) a material difference in fact or law
> from that presented to the Court before such decision that in the
> exercise of reasonable diligence could not have been known to the
> party moving for reconsideration at the time of such decision, or (b) the
> emergence new material facts or a change of law occurring after the
> time of such decision, or (c) a manifest showing of a failure to consider

1

material facts presented to the Court before such decision. No motion
for reconsideration shall in any manner repeat any oral or written
argument made in support of or in opposition to the original motion."

Local Rule 7-18

Additionally, the Federal Rules of Civil Procedure Rule 60(b) puts forth that
reconsideration of a motion is appropriate under the following circumstances:

"(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
On motion and just terms, the court may relieve a party or its legal
representative from a final judgment, order, or proceeding for the
following reasons:
        (1) mistake, inadvertence surprise, or excusable neglect;
        (2) newly discovered evidence that, with reasonable diligence"
could not have been discovered in time to move for a new trial under
Rule
59(b ).
        (3) fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;
        (4) the judgment is void;
        (5) the Judgment has been satisfied, released, or discharged; it
is based on an earlier judgment that has been reversed or vacated; or
applying it prospectively is no longer equittable; or
        (6) any other reason that justifies relief."

Federal Rules of Civil Procedure Rule 60(b).

Plaintiff submits that reconsideration of the Court's August 24, 2012, Order
entering, *sua sponte*, partial summary judgment is appropriate under both Local Rule
7-18 and FRCP Rule 60(b) because the Court - without affording Plaintiff sufficient
notice of the potential granting of summary judgment against it - 1) erroneously found
no issue of material fact that Plaintiff's "Zebra" design lacked the requisite originality
to be validly copyrighted; 2) erroneously relied wholly on an examination of samples
of the designs at issue attached as exhibits to Howard Deutchman's declaration in
reaching its conclusion as to the lack of substantial similarity between the Defendants'
garment designs and Plaintiff's Subject Designs, as opposed to a careful examination

of the actual garments and textile samples bearing the designs at issue which were properly and timely lodged by Plaintiff; 3) applied an improper dissimilarity analysis in reaching its conclusion that the Accused Designs are not substantially similar to Plaintiff's Subject Designs; and 4) apparently ignored the inverse ratio rule, which requires a lesser showing of substantial similarity where there is uncontroverted evidence of Defendants' access to the works at issue.

### B. The *Sua Sponte* Partial Summary Judgment Order for Defendants is Improper Due to the Court's Errors, and Requires Reconsideration.

Granting summary judgment *sua sponte* is a drastic measure to be used by the Court rarely. Summary judgment is never appropriate where there is a "genuine dispute of material fact," and is only appropriate *sua sponte* where proper notice is given and where "the movant' s case cannot be proved if a trial is held." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Fuller v. City of Oakland, Cal.* 47 F.3d 1522, 1533 (9th Cir. Cal. 1995). In this case, the Court's Order was made without affording Plaintiff adequate notice, and despite evidence that certainly could reasonably establish Plaintiff's claims. Therefore, the *sua sponte* motion was inappropriate.

A material issue of fact is one that "affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *Lynn v. Sheet Metal Workers Intern. Ass'n.* (9th Cir. 1986) 804 F.2d 1472, 1483. "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the [affected] party." *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 249. Summary judgment on a *sua sponte* basis is inappropriate in this case because, as fully illustrated below, there is at least a genuine dispute of material fact as to the originality of Plaintiff's "Zebra" design as well as the substantial similarity of the Subject Designs and Accused Designs. Therefore, the Court's Order warrants reconsideration.

1         Moreover, without advance notice, a targeted party lacks a meaningful

2   opportunity to present the best evidence supporting his position and to present that

3   evidence, together with developed legal argument, in opposition to the entry of

4   summary judgment. *Rogan v. Menino* (1st Cir. 1999) 175 F.3d 75, 80.

5   *See also:Buckingham v. U.S.* 998 F.2d 735, 742 (9th Cir. 1993):

6   (sua sponte summary judgment inappropriate where non-movant "did not receive

7   sufficient notice of the district court's potential entry of summary judgment against it

8   and therefore did not have the opportunity to present arguments.") No such notice was

9   afforded to Plaintiff.  To the contrary, Plaintiff was only on notice that should the

10   Court decline to adopt the arguments made in its Motion for Summary Judgment that

11   the case would proceed to trial.   Plaintiff did not have a full and fair opportunity to

12   elaborate upon the legal and factual issues upon which the Court's *sua sponte* grant of

13   summary judgment was based.  Had such notice been given, Plaintiff  would have

14   responded by fully briefing the inverse ratio rule, the Ninth Circuit's view on the

15   dissimilarity analysis done by Defendants, and the other issues raised herein

      **i.**     **The Court Erred in Finding No Issue of Material Fact that**

             **Plaintiff's Zebra Design Lacked the Requisite Originality to be**

             **Validly Copyrighted.**

19         This Court's ruling that Plaintiff's zebra design lacks sufficient originality to be

20   copyrightable was wrong and flies in the face of both clear Ninth Circuit authority and

21   the primary jurisdiction doctrine.

22         Granting summary judgment against Plaintiff on the ground that the "Zebra"

23   design is substantially similar to other previous designs may be granted, "only where

24   no reasonable trier-of-fact could find even trivial differences in the designs..." *North*

25   *Coast Industries v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1034 (9th Cir. 1992).  The

26   *North Coast* court held that the district court erred in granting summary judgment for

27   the defendant because it failed to "focus on the critical distinction between the idea

28

1   and expression of the idea that is so fundamental to our copyright law. While the

2   'idea' [may be] clearly one which the plaintiff borrowed, it [does not necessarily

3   follow] that the 'expressions of that idea'... are substantially similar and the

4   differences merely trivial." *Id.* at 1034-35.

5       The Court in this case made the same mistake. It relied heavily on the testimony

6   of Defendants' experts "that, while there are hundreds of variations on the theme, the

7   zebra print is a derivative <u>idea</u> copied from nature, with few subtle variations, and is

8   not particularly inventive or proprietary." (Order, p.3. *emphasis added*)  The Court

9   then stated that in reviewing the zebra designs it "discerns only minute differences in

10  the thickness of the lines and orientation of the pattern. These minute differences do

11  not rise to the level of originality." *Id.*  But the "orientation of the pattern" is exactly

12  where the originality lies and, as stated by the *North Coast* court, even minor

13  differences in the placement of similar or known shapes entitle the plaintiff "to have

14  the validity of its copyright determined <u>by a trier-of-fact</u>." Id. at 1035, *emphasis*

15  *added*.

16      Moreover, the Ninth Circuit has recently made clear that a work of art, even one

17  that recreates natural phenomena, is not only protectable under copyright, law, but is

18  entitled to broad protection where there are a multitude of ways to express the subject

19  matter.  In *L.A. Printex Indus., Inc. v. Aeropostale, Inc.* the Ninth Circuit held that:

20      [b]ecause there is a wide range of expression for selecting, coordinating,
        and arranging floral elements in stylized fabric designs, copyright
21      protection is broad and a work will infringe if its substantially similar to
22      the copyrighted work.  That is, there are gazillions of ways to combine
        petals, buds, stems, leaves, and colors in floral designs on fabric, in
23      contrast to the limited number of ways to, for example, paint a red
24      bouncy ball on black canvas or make a lifelike glass-in-glass jellyfish
        sculpture." *LA Printex v. Aeropostale,* No. 10-56187, p.3790 (citations
25      and internal quotations omitted). Accordingly, Plaintiff's original
26      arrangements of pre-existing works including floral designs, paisley,
        tribal and other elements are not only protectable, but clearly entitled to
27      broad protection.

28

1  2012 WL 1150273 (9th Cir. Apr. 9, 2012).

2      Although we are not zebras, if we were we might recognize different stripe

3  patterns the way that humans recognize different faces.  Like reproductions of flowers,

4  or snowflakes, or fingerprints there is a virtually infinite range of expression for the

5  particular stripes of a zebra.  As such, it was error for the Court to find Plaintiff's

6  "Zebra" design unoriginal and thus it erred in invalidating Plaintiff's copyright for the

7  design.

8      Finally, this Court's finding that Plaintiff's "Zebra" design is not entitled to

9  copyright protection violates the primary jurisdiction doctrine since the U.S.

10  Copyright Office – the office responsible for determining when works are

11  copyrightable - made the contrary determination that the design is sufficiently original

12  to qualify for copyright protection when it issued Reg. No. VA1-697-624 – a single

13  work registration covering only Plaintiff's "Zebra" design.  The doctrine of primary

14  jurisdiction states that "protection of the integrity of a regulatory scheme dictates

15  preliminary resort to the agency which administers the scheme." *General Dynamics*

16  *Corp.,* 828 F.2d 1356, 1362 (9th Cir.1987) (quoting *United States v. Philadelphia*

17  *Nat'l Bank,* 374 U.S. 321, 353, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963)).  IN applying

18  the primary jurisdiction doctrine, courts have traditionally employed such factors as

19  (1) the need to resolve an issue that (2) has been placed by Congress within the

20  jurisdiction of an administrative body having regulatory authority (3) pursuant to a

21  statute that subjects an industry or activity to a comprehensive regulatory authority

22  that (4) requires expertise or uniformity in administration. *General Dynamics*

23  *Corp.,* 828 F.2d at 1362.

24      In this case, the Copyright Office has been charged with decision making

25  regarding what works are sufficiently original that they qualify for copyright

26  protection, and deferring to that agency creates uniform standards, certainty, and

27  consistency in the application of the Copyright Act.  This Court should reconsider the

28

1  wisdom and implications of its decision to supplanted the judgment of the Copyright

2  office with its own opinions regarding the copyrightability of the "Zebra" design.

3     The Copyright Office deemed Plaintiff's "Zebra" design to be copyrightable.

4  Moreover, the differences between the multitude of copyright designs on the market is

5  more than "trivial," and recent Ninth Circuit precedent makes clear that a work will be

6  entitled to copyright protection (indeed, broad protection) where there is a wide range

7  of potential expression.  As such, this Court erred in finding that Plaintiff's "Zebra"

8  design was not entitled to copyright protection and should reconsider that ruling.

9        ii.    **The Court Erred in Exclusively Considering Samples from the**

10               **Exhibits of the Deutchman Declaration (as Opposed to The**

11               **Actual Garments and Textile Samples Submitted) in Making**

12               **Its Findings on Substantial Similarity.**

13     If this Case had proceeded to trial, the jury would have been presented with the

14  garments manufactured by Topson and fabric samples and CADs bearing Plaintiff's

15  designs as they were sampled to Topson.  Those exhibits would make clear that the

16  Topson garments contain protectable expression from Plaintiff's works – indeed, the

17  images contained in Plaintiff's moving papers (reformatted and attached hereto as

18  Exhibit 1 for the Court's convenience) were taken directly from those garments and

19  fabric samples. Although those exhibits were lodged with the Court, it apparently

20  ignored them, instead relying exclusively on inferior images attached to the

21  declaration of Howard Deutchman ("Deutchman").  (Order, p.7 n.2-4).  This failure to

22  consider the best evidence was an error.

23     In copyright infringement cases the works themselves supersede and control

24  contrary descriptions of them.  *Walker v. Time Life Films, Inc.,* 784 F.2d 44, 52 (2d

25  Cir. 1986).  The Court here relied on certain specific distinctions in "the scale of the

26  elements relative to one another" and "the appearance of all elements existing on a

27  single plane" while looking only to demonstrative snippets of the works as provided in

28

1  the exhibits of Deuthcman's declaration, without ever actually examining the

2  garments at issue.  (Order, p.7).

3       Furthermore, the Court recognized, "[t]he parties do not dispute…Topson's

4  access to the copyrighted work." (Order, p.5., citing Defs.' Statement of Genuine

5  Issues of Disputed Facts (Defs' SGI Nos. 22-27.))  Where, as here, access has been

6  decided, determination of substantial similarity requires a "detailed examination of the

7  works themselves." *Williams v. Crichton*, 84 F.3d 581, 583 (2d Cir. 1996), *citations*

8  *omitted*.   However, in analyzing substantial similarity the Court only looked to the

9  *photographs* of the works and offending garments despite Plaintiff's timely lodging of

10  the actual fabrics and garments on June 4, 2012.

11       Because the Court did not adequately consider or compare the best evidence of

12  the fabric designs after access had been established, the finding of a complete lack of

13  substantial similarity between the Accused Designs and the Subject Designs is clear

14  error.

15            **iii.    The Court Erred in Applying an Improper "Dissimilarity**

16                 **Analysis" When Considering Substantial Similarity.**

17       Although Plaintiff's motion laid out a side-by side comparison to virtually

18  identical portions of its 4 designs and the corresponding designs of Defendants (taken

19  directly from the actual garments and fabric samples submitted to the Court, as

20  indicated above), the Court found a lack of substantial similarity by instead focusing

21  on perceived differences between the particular reproductions of the designs attached

22  to the Declaration of Mr. Deutchman.  But in so doing, the Court improperly focused

23  on *dissimilarities* between the designs at issue, which is not the proper approach to

24  determine substantial similarity.

25       The Ninth Circuit has repeatedly rejected such a "dissimilarity" analysis in

26  determining substantial similarity.  *Sid & Marty Krofft Television Productions, Inc. v.*

27  *McDonald's Corp.*, 562 F.2d 1157, 1165 (9th Cir. 1977) ; *Aliotti v. R. Dakin & Co.*,

28

8

831 F.2d 898, 901 (9th Cir.1987) ("[T]he district court's determination as to substantial similarity of expression relied incorrectly on the analytic dissection of the dissimilar characteristics of the dolls."); *see also* 4 Nimmer §§ 13.03[B][1] [a], at 13-48 to 13-49 (quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49 (2d Cir.1936), *cert. denied*, 298 U.S. 669 (1936)). In *Sheldon v. Metro-Goldwyn Pictures Corp.*, Judge Learned Hand stated the following:

> [I]t is entirely immaterial that, in many respects, Plaintiff's and Defendants' designs are dissimilar, if in other respects, similarity as to a substantial element of Plaintiff's work can be shown. "If substantial similarity is found, the defendant will not be immunized from liability by reason of the addition to his work of different characters or additional or varied incidents . . .

*Sheldon*, 81 F.2d at 55. In fact, previous courts have held that the small, knowing modifications could even serve to indicate that it was willfully copied. *See Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969) ("While the trial court placed great emphasis on the minor differences between the two design patterns, we feel that the very nature of these differences only tends to *emphasize the extent to which the defendant has deliberately copied* from the plaintiff.") (emphasis added); *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 619 (7th Cir. 1982) (defendant's "superficial changes . . . may be viewed as an attempt to disguise an intentional appropriation of [Plaintiff's] expression."), *superseded on other grounds*.

Rather than focusing on dissimilarities, the Ninth Circuit employs a two-part test that focuses on the similarities. The "extrinsic test" is an objective comparison of specific expressive elements. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). "The test focuses on articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in two works." *Id.* (citing *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)

1   (internal quotation marks and citation omitted)). The basic mode of analysis for

2   comparison of the literary elements applies to comparison of the art work. *Cavalier v.*

3   *Random House, Inc.*, 297 F.3d 815, 825 (9th Cir. Cal. 2002). The "intrinsic test" is a

4   subjective comparison that focuses on "whether the ordinary, reasonable audience"

5   would find the works substantially similar in the "total concept and feel of the works."

6   *Kouf*, 16 F.3d at 1045.

7       The *Krofft* test analyzes both the specific elements and the overall appearance

8   of a particular design to determine whether copying has occurred.  Professor Nimmer

9   discusses the effect of the bifurcated test:

> The effect of the Krofft bifurcated test is to expand the domain of the
> trier of fact, and greatly to contract the role of the court, at least in its
> power to rule for the defendant as a matter of law. It is true that Krofft
> concludes that the extrinsic test "may often be decided as a matter of
> law;" however, because the only issue under this test is that of idea
> similarity [measured by specific criteria], and because in almost all
> copyright litigation, the plaintiff will not file an action unless there is, at
> a minimum, some similarity of ideas, under Krofft, a court will rarely
> have the power . . . to rule for the defendant in advance of trial…

16  4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.03[E][3]

17  (Matthew Bender, Rev. Ed), at 13-93.  Here, however, the Court failed to correctly

18  apply the two-part test to the facts of this case. Instead of focusing on what elements

19  were substantially similar, it instead engaged in a wholly improper "dissimilarity"

20  analysis to determine that there was no infringement.

21      As to Plaintiff's "Animal print" design, in its Order, the Court acknowledged

22  the similarities between Plaintiff's and defendants' works but instead erroneously

23  relied on dissimilarities in reaching its ultimate conclusion for substantial similarity:

24  "[b]ased on these significant differences, the Court finds that Plaintiff fails to satisfy

25  the extrinsic test." (Order, p.7, *emphasis added*.) The Court repeated this error in each

26  and every analysis of the designs at issue.  For example, the Court stated, "[i]n

27  comparing the concrete, protectable elements of the Burnout Design with Defendants'

28

10

1  burnout top, the Court again finds significant differences…[i]n light of these
2  significant structural differences, the Court finds that Plaintiff has failed to satisfy the
3  extrinsic test." (Order, p.7, *emphasis added*.)  The Court went on, "the Court
4  compares the concrete, protectable elements of the Lace Design with Defendants' lace
5  tops… [a]gain, the Court finds the designs different…[i]n light of the significant
6  differences in the designs' concrete elements, the Court finds that Plaintiff has failed
7  to satisfy the extrinsic test." (Order, p.7, *emphasis added*.)  Instead of analyzing what
8  elements of the Subject Designs' protectable expression were similar to the offending
9  designs, the Court relied exclusively on the dissimilarities between the two designs to
10  make the determination that no substantial similarity existed as a matter of law.  This
11  was clear error.
12       There can be no real question that the garments sold by Defendants copied
13  protectable expression of Plaintiff's designs, as shown on the exhibits lodged with the
14  Court and the comparison of elements set forth in Plaintiff;s motion (and recreated in
15  Exhibit "1" attached hereto.  Given that evidence, the perceived dissimilarities
16  between the designs do not and cannot justify the Court's ruling.  It cannot be
17  reasonably disputed that the Accused Designs mirror the Subject Designs in numerous
18  ways.  As such, the Court committed error in finding against Plaintiff's claims as a
19  matter of law.

20       iv.    **The Court Erred by Ignoring the Inverse Ratio Rule Since**
21              **Defendants' Proven Access to Plaintiff's Designs Reduces**
22              **Plaintiff's Burden of Showing Substantial Similarity.**

23       Despite acknowledging in its Order that Defendant Topson had actually
24  accessed each of the designs at issue prior to the alleged infringement, the Court
25  apparently ignored the inverse ration rule.  Had it considered that rule, Plaintiff
26  submits that it could not have adjudicated this case in favor of Defendants.  Plaintiff
27  submits that this error justifies reconsideration of the Court's ruling. .

28

1    The Ninth Circuit recognizes that issues of access and substantial similarity are

2  "inextricably linked" and imposes a *lower* standard of proof of substantial similarity

3  where a *high degree of access* has been shown. *Shaw v. Lindheim*, 919 F.2d at 1356,

4  1362 (9th Cir. 1990) (the defendants' admission of access was sufficient to apply the

5  inverse ratio rule, as well as a factor to be considered in favor of the plaintiff*); See*

6  *also: Metcalf v. Bochco*, 294 F. 3d 1069, 1075 (9th Cir. 2002). Thus, where there is a

7  strong showing of access, the required degree of similarity "may be somewhat less"

8  than would be necessary in the absence of such proof. *See Shaw* 919 F.2d at 1361;

9  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) ("[We] require a

10  lower standard of proof of substantial similarity when a high degree of access is

11  shown.").

12    Topson has admitted that samples of the Subject Designs were sent from

13  Plaintiff directly to Topson in April of 2009, proving actual access to the Subject

14  Designs.  (Deutchman Decl. ¶¶ 5, 7, 9, 11; Exs. 3, 5, 7, 9, respectively.)  The Court

15  further recognized, "[t]he parties do not dispute…Topson's access to the copyrighted

16  work." (Order, p.5., *citing* Defs.' Statement of Genuine Issues of Disputed Facts

17  (Defs' SGI Nos. 22-27.))  Given this concession of access, the inverse ratio must be

18  applied.

19    Even assuming *arguendo* that the Court's consideration of the perceived

20  dissimilarities between Plaintiff's designs and Topson's designs was proper, those

21  differences were still entitled to strong mitigation given the clear evidence of access in

22  this case.  Indeed, given the application of the inverse ratio rule to this case, it simply

23  cannot be said that no trier of fact would be able to find any legally sufficient level of

24  similarity indicative of infringement.  The failure to consider the inverse ratio rule

25  justifies reconsideration of the Court's ruling.

26  ///

27  ///

28

1    **III.   CONCLUSION**

2          Plaintiff brought its motion for summary judgment believing that no reasonable

3    jury could find other than that Defendants infringed its copyrights.  It had no reason to

4    suspect that the Court, given the evidence of access and the clear similarities between

5    the designs, would adjudicate this case against it *sua sponte*.  Had it been given any

6    such notice, it would have responded by fully briefing the inverse ratio rule, the Ninth

7    Circuit's view on the dissimilarity analysis done by Defendants, and the other issues

8    raised herein.  Plaintiff respectfully requests that this Court reconsider its ruling so

9    that said authority may be properly considered, and submits that when it is the Court

10   should find that its order terminating Plaintiff's case cannot stand.

11

12                                          Respectfully submitted,

13                                          DONIGER / BURROUGHS APC

14

15   Dated: September 17, 2012              By:  /s/ Stephen M. Doniger
                                            Stephen M. Doniger, Esq.
16                                          Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28