ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA A. WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:   (310) 553-3000
Facsimile:    (310) 556-2920

*Attorneys for Defendants*
Topson Downs of California, Inc. and
Target Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 10, <br><br> Defendants. | Case No. CV11-8351 RGK (AGRx) <br><br> Hon. R. Gary Klausner <br><br> **DEFENDANTS TOPSON DOWNS OF CALIFORNIA, INC. AND  TARGET CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> DATE:                October 15, 2012 <br> TIME:                 9:00 am <br> COURTROOM:  850 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................... 1

II.   STATEMENT OF RELEVANT FACTS ...................................... 3

III.  ARGUMENT.................................................................................. 5

    A.   Plaintiff Does Not Satisfy the Standard for a Motion for Reconsideration and There Are Absolutely No Grounds for Plaintiff's Motion ................................................................. 5

    B.   The Court Correctly Granted Summary Judgment in Favor of Defendants Based on the Record Presented........................... 7

        1.   *Sua Sponte* Judgment in favor of Defendants Is Appropriate and Plaintiff Fully Briefed the Issues of Validity and Infringement........................................... 7

        2.   The Court Properly Found that Plaintiff's Zebra Design Copyright Is Invalid ................................................ 10

            a.   The Court Applied the Proper Legal Standard for Validity and There Is No Reason to Disturb the Court's Ruling that Plaintiff's Zebra Design Fails Even the Most Basic Threshold Test For Originality.....10

        3.   The Primary Jurisdiction Doctrine Has Absolutely Nothing to Do With This Case and Defendants Properly Overcame the Presumption of Validity ....................................... 12

        4.   The Court Properly Considered the Evidence Submitted........14

        5.   It Is Not Improper To Consider Dissimilarities and The Court Applied the Proper "Substantial Similarity" Legal Standard and Found No Substantial Similarity Exists .............16

        6.   Application of the Inverse Ratio Rule Would Not Change the Court's Finding of No Infringement................................... 19

IV.   CONCLUSION ........................................................................... 20

1
2
3
**TABLE OF AUTHORITIES**

**CASES**

*Aliotti v. R. Dakin & Co.*,
  831 F.2d 898 (9th Cir. 1987)....................................................................17

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)..........................8

*Cool Fuel, Inc. v. Connett*,
  685 F.2d 309 (9th Cir. 1982)......................................................................8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).......................11

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
  462 F.3d 1072 (9th Cir. 2006)........................................................3, 19, 20

*Haw. Stevedores, Inc. v. HT & T Co.*,
  363 F. Supp. 2d 1253 (D. Haw. 2005) ..................................................6, 15

*James W. Newton v. Diamond*,
  204 F. Supp. 2d 1244 (C.D. Cal. 2002) ...................................................11

*Kona Enters., v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000)......................................................................6

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
  676 F.3d 841 (9th Cir. 2012)................................................................17, 18

*Lanard Toys, Ltd. v. Novelty, Inc.*,
  511 F. Supp. 2d 1020 (C.D. Cal. 2007) ....................................................1

*Mattel, Inc. v. MGA Entm't, Inc.*,
  616 F.3d 904 (9th Cir. 2010)....................................................................17

*Milton H. Greene Archives, Inc. v. BPI Communs., Inc.*,
  378 F. Supp. 2d 1189, fn. 3 (C.D. Cal. 2005) .........................................15

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
  2008 U.S. Dist. LEXIS 71761 (C.D. Cal. Mar. 17, 2008)........................8

*N. Cnty. Communs. Corp. v. Cal. Catalog & Tech.*,
  594 F.3d 1149 (9th Cir. 2010)..................................................................13

*Na Mamo O 'Aha 'Ino v. Galiher*,
  60 F. Supp. 2d 1058 (D. Haw. 1999) ........................................................6

*North Coast Industries v. Jason Maxwell, Inc.*,
  972 F.2d 1031 (9th Cir. 1992)........................................................2, 10, 11

ii

*Reiter v. Cooper*,
   507 U.S. 258, 113 S. Ct. 1213, 122 L. Ed. 2d 604 (1993)......................................12

*Rodgers v. Watt*,
   722 F.2d 456 (9th Cir. 1983)...........................................................................6

*Scoggins v. Boeing Co.*,
   742 F.2d 1225, fn. 1 (9th Cir. 1984) ................................................................8

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*,
   562 F.2d 1157 (9th Cir. 1977)..................................................................10, 20

*Sierra Club v. City & County of Honolulu*,
   486 F. Supp. 2d 1185 (D. Haw. 2007) ........................................................6, 15

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
   81 F.2d 49 (2d Cir. N.Y. 1936)......................................................................18

*Syntek Semiconductor Co. v. Microchip Tech. Inc.*,
   307 F.3d 775 (9th Cir. 2002).....................................................................2, 13

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000).............................................................2, 10, 17

*United States ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*,
   2012 U.S. Dist. LEXIS 51766 (S.D. Cal. Apr. 11, 2012)....................................6

*Walker v. Time Life Films, Inc.*,
   784 F.2d 44 (2d Cir. N.Y. 1986).....................................................................15

*Weygand v. CBS*,
   1997 U.S. Dist. LEXIS 10613, fn. 22
   (C.D. Cal. May 20, 1997)..........................................................................3, 18

*Williams v. Crichton*,
   84 F.3d 581 (2d Cir. N.Y. 1996) ...................................................................16

*Williams v. McGraw-Hill, Inc.*,
   2011 U.S. Dist. LEXIS 116852 (C.D. Cal. Jan. 20, 2011) ..................................6

**STATUES**

17 U.S.C. § 410........................................................................................................13

Fed. R. Civ. P. 53......................................................................................................3

Fed. R. Civ. P. 56..................................................................................................9, 14

Fed. R. Civ. P. 60..................................................................................................1, 5

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

779649.2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Topson Downs of California, Inc. ("Topson") and Target Corporation ("Target") (collectively, "Defendants") respectfully submit this opposition to Plaintiff Meridian Textiles, Inc.'s ("Plaintiff") Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Summary Judgment and *Sua Sponte* Grant of Summary Judgment to Defendants ("Motion for Reconsideration" or "Mot.").

## I.    INTRODUCTION

Plaintiff's Motion for Reconsideration should be denied as nothing more than a total rehash of the exact same legal and factual arguments Plaintiff presented in its summary judgment papers. It does not even come close to satisfying the extraordinary standards for reconsideration under either Fed. R. Civ. P. 60(b) or Local Rule 7-18. Here, Plaintiff presents no new evidence, no clear error, and no change in the controlling law.  Instead, Plaintiff presents the same arguments and evidence available to it when it brought its motion for summary judgment.  Plaintiff is not entitled to reconsideration simply because it disagrees with the Court's ruling.  Its meritless motion should be denied.

Moreover, the Court's grant of summary judgment *sua sponte* in favor of Defendants was proper, as the Court determined that no genuine issue of material fact existed and that Defendants were entitled to judgment as a matter of law.  As Plaintiff brought its motion requesting summary judgment as to the issues of validity and infringement, it had an opportunity to ventilate these issues and the Court's ruling in favor of Defendants on the exact same issues of validity and infringement, *sua sponte,* was proper. *Lanard Toys, Ltd. v. Novelty, Inc.*, 511 F. Supp. 2d 1020, 1026 (C.D. Cal. 2007).

Plaintiff also fails to cite any new law as grounds for reconsideration and instead attempts to mislead the Court by misciting the existing legal standards. For

779649.2

example, Plaintiff devotes an entire section of its Motion for Reconsideration to misquoting the test for originality under *North Coast Industries v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1034 (9th Cir. 1992), and fabricating its own standard. Misquoting *North Coast,* Plaintiff states that summary judgment may be granted, "***only*** where no reasonable trier-of-fact could find even trivial differences in the designs…" Mot. at 4 (emphasis added). ***That is not the law***. In fact, the Court applied the correct legal standard for originality: "[a]ll that is needed to satisfy both the Constitution and the statute is that the 'author' contributed something ***more than a 'merely trivial' variation***, something ***recognizably 'his own.'***" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 489 (9th Cir. 2000) (emphasis added).  Here, the Court mirrored the *Three Boys* test's  exact language and held "any variation found in the Zebra Design is merely trivial, lending nothing recognizable as the artist's design". Order dated August 24, 2012, Dkt. No. 75, ("Order") at 3.

In addition, Plaintiff provides zero support for its argument that the Court must simply defer to the Copyright Office for a determination of the originality of the Zebra design under the Primary Jurisdiction doctrine.  This exceedingly narrow doctrine is meant to deal with issues of first impression or particularly complicated issues that Congress has committed exclusively to the Register of Copyrights.  It is not applicable here, where the Court is determining the validity of the underlying copyright, not the validity of the *registration* of the copyright. *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

Further, Plaintiff makes the bizarre and ridiculous argument that this Court erred by considering the very evidence Plaintiff itself submitted in support of its motion, namely the Deutchman Declaration, which attached Plaintiff's purported copyrights and copies of the allegedly infringing garments.  Mot. at 7-8. Plaintiff now argues that the Court was not supposed to consider such evidence and instead was supposed to consider evidence that was never cited anywhere in Plaintiff's papers.

The law is plain that on a motion for summary judgment, ***"[t]he court need consider only the cited materials*."**  Fed. R. Civ. P. 56(c)(3).  In any event, such evidence is not "new" and Plaintiff's own failure to cite to it in its motion papers is not proper grounds for reconsideration.

Moreover, the Court applied the proper substantial similarity legal standard and found that no substantial similarity exists with respect to Plaintiff's Animal Print Design, Burnout Design and Lace Design. Order at 5. The Court's additional consideration of differences between Plaintiff and Defendants' work is proper on a motion for summary judgment, particularly where, as here, the dissimilarities exceed the points of similarity and the remaining points are of minimal importance. *Weygand v. CBS*, 1997 U.S. Dist. LEXIS 10613, *29, fn. 22 (C.D. Cal. May 20, 1997). Application of the Inverse Ratio Rule would not have changed the Court's finding of no infringement as the Court found there was no substantial similarity. *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077, 1081 (9th Cir. 2006) ("[n]o amount of proof of access will suffice to show copying if there are no similarities" in protectable expression).

Accordingly, as Plaintiff presents no new evidence, no clear error and no change in the controlling law, there are no grounds upon which the Court should even entertain reconsideration and Plaintiff's motion should be denied.

## II.   STATEMENT OF RELEVANT FACTS

On October 7, 2011, Plaintiff filed a copyright action against Defendants.  The complaint alleged that Defendants sold garments which infringed Plaintiff's purported copyrights in the following fabric designs: (1) S1479 ("Zebra Design"), (2) I03879 ("Animal Print Design"), (3) I03703 ("Burnout Design"), and (4) S2088 ("Lace Design") (collectively,  "Meridian Designs").

On July 20, 2012, Plaintiff filed a Motion for Summary Judgment ("Motion for Summary Judgment," Dkt. No. 39) seeking an order declaring that its copyrights in

the Meridian Designs were valid and that Defendants had infringed those designs as a matter of law.  Dkt. No. 39-2.  In support of its Motion for Summary Judgment, Plaintiff submitted a Separate Statement of Uncontroverted Facts Pursuant to L.R. 56-1 ("Statement of Uncontroverted Facts", Dkt. No. 42),  the Declaration of Howard Deutchman, President of Plaintiff ("Deutchman Decl.," Dkt. No. 39-2), and the Declaration of Myoung Chung, the alleged designer of the Meridian Designs ("Chung Decl.," Dkt. No. 39-17).

Plaintiff represented to the Court that true and correct copies of the Meridian Designs and their respective Copyright Registrations were attached to the Deutchman Declaration.  Deutchman Decl. at ¶¶4, 6, 8, 10, Exhibits ("Exh.") 2, 4, 6, 8.  Plaintiff further represented that true and correct copies of the allegedly infringing garments were attached to the Deutchman Declaration. *Id.* at ¶12, 14, Exh. 10-13, 15. When referring to the allegedly infringing garments, Plaintiff's Motion for Summary Judgment and Statement of Uncontroverted Facts solely references the exhibits attached to the Deutchman Declaration, and no other evidence.[1]  Motion for Summary Judgment at 7; Statement of Uncontroverted Facts at ¶¶28-29, 30, 32-35.  **Absolutely no reference is found anywhere in Plaintiff's moving or reply papers to garments, fabric samples or exhibits lodged with the court.**

Defendants opposed Plaintiff's Motion for Summary Judgment on the grounds that Plaintiff does not own valid copyrights in the Meridian Designs and Defendants did not infringe Plaintiff's copyrights.  Dkt. No. 44.  Specifically, Defendants showed that the Meridian Designs, and particularly the Zebra Design, lacked sufficient originality to qualify for copyright protection. Opposition at 9-10.  In fact, evidence

---

[1] Although Plaintiff purported to provide a "comparison" of the Meridian Designs with the allegedly infringing garments in its Motion for Summary Judgment, there are no foundational facts at all which establish that the images depicted in Plaintiff's moving papers came from its purported copyright registrations or from the allegedly infringing garments, or whether they are even true and correct copies of what they purport to be. Motion for Summary Judgment at 13-21.  In any event, there is certainly no reference to any extraneous exhibits lodged with the Court.

4

779649.2

uncovered by Defendants' expert, Deborah Young, shortly after Defendants filed their papers shows that Plaintiff's Animal Print Design is an exact copy of a design found in a clip-art book, *Animal Skins*, by Belvedere, published in 2008.  Declaration of Erica J. Van Loon at ¶2, Exh. 1.  Further, Defendants executed a similarity analysis, applying the extrinsic and intrinsic tests to demonstrate that the protectable elements of the works at issue were not virtually identical or even substantially similar to the Meridian Designs. Opposition at 14-25.

On August 24, 2012, the Court issued an Order Denying Plaintiff's Motion for Summary Judgment and *Sua Sponte* Grant of Summary Judgment to Defendants.  Dkt. No. 75.  The Court found that Plaintiff's Zebra Design copyright is invalid, and although the Court found that Plaintiff's Animal Print Design, Burnout Design and Lace Design copyrights are valid, the Court found no infringement by Defendants. Order at 8.  Accordingly, the Court *sua sponte* granted summary judgment in favor of Defendants.  *Id.*  Apparently dissatisfied with the Court's ruling, Plaintiff filed its Motion for Reconsideration on September 17, 2012.

## III.   ARGUMENT

### A.   Plaintiff Does Not Satisfy the Standard for a Motion for Reconsideration and There Are Absolutely No Grounds for Plaintiff's Motion

As a threshold matter, Plaintiff's Motion should be disregarded because Plaintiff has not identified any proper basis for a motion for reconsideration under either Fed. R. Civ. P. 60(b) or Local Rule 7-18.  A motion for reconsideration under Fed. R. Civ. P. 60(b) is "an extraordinary remedy and is only granted in exceptional circumstances." *United States ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 51766, **30-31 (S.D. Cal. Apr. 11, 2012).  The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing

nature to induce the court to reverse its prior decision. *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983).  "Relief under Rule 60(b) is not a matter of right.  Rather, it rests in the trial court's sound discretion" *United States ex rel. Technica, LLC,* 2012 U.S. Dist. LEXIS 51766, **30-31 (citations omitted).

Further, merely disagreeing with the Court's decision is an "inadequate reason" to bring a motion for reconsideration. *Williams v. McGraw-Hill, Inc*., 2011 U.S. Dist. LEXIS 116852, *7 (C.D. Cal. Jan. 20, 2011).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Kona Enters., v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In addition, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  *Haw. Stevedores, Inc. v. HT & T Co*., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005); *Sierra Club v. City & County of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007).

Here, Plaintiff merely rehashes the arguments raised in its Motion for Summary Judgment, specifically, that its copyrights are valid and infringed. Mot. at 2-3. Further, Plaintiff failed to introduce even a single piece of newly discovered evidence, and it is undisputed that there was no intervening change in applicable law. *Id.* Furthermore, as discussed in detail below, Plaintiff has not shown that the Court committed any error whatsoever, and the court did not.  *Id.*  Rather, Plaintiff merely disagrees with this Court's decision, which is not a sufficient ground for bringing its meritless motion.

In addition, Local Rule 7-18 further limits the grounds for reconsideration in

this Court by requiring that such a motion be brought "*only* on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." (emphasis added).  None of these grounds is present here.  Local Rule 7-18 further provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

Plaintiff fails to identify any grounds contained in Local Rule 7-18 as a basis for its motion.  Plaintiff has not presented any new facts or law and has not demonstrated that the Court failed to consider the evidence before it, which the Court certainly did.  *See, e.g.* Order at 3 ("Considering the evidence presented by the parties, the Court finds that Defendants succeed in rebutting the presumption.").  Plaintiff also violates Rule 7-18 by simply repeating the same arguments that it previously, and unsuccessfully, made.

Because there are no grounds upon which the Court should even entertain reconsideration, Plaintiff's motion should be denied at the outset.

**B.**     **The Court Correctly Granted Summary Judgment in Favor of Defendants Based on the Record Presented**

Even if the Court were to consider Plaintiff's Motion for Reconsideration, the Court should affirm its decision in favor of Defendants.

**1.**     ***Sua Sponte* Judgment in favor of Defendants Is Appropriate and Plaintiff Fully Briefed the Issues of Validity and Infringement**

The Court's *sua sponte* grant of summary judgment in favor of Defendants was

proper because the Court determined that no genuine issue of material fact existed and Defendants were entitled to judgment as a matter of law. Plaintiff, who brought the motion for summary judgment, had a more than fair opportunity to brief all the issues involved in this case.  The law is plain in the Ninth Circuit that *sua sponte* summary judgment is appropriate so long as the losing party had an opportunity to ventilate the issues:

> "Where one party moves for summary judgment and at the hearing the court determines there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, *sua sponte* judgment in favor of the opposing party is appropriate so long as the losing party 'had a full and fair opportunity to ventilate the issues involved in the motion.'"

*Lanard Toys, Ltd.*, 511 F. Supp. 2d at 1026, fn. 5 (overruling objection "in light of the Court's power to grant summary judgment *sua sponte*, and defendants' opportunity to fully ventilate the issues") (citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311-312 (9th Cir. 1982)).

In fact, "courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence[,]" and courts do indeed frequently grant summary judgment *sua sponte. Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2254, 91 L. Ed. 2d 265, 275 (1986); *see Scoggins v. Boeing Co.,* 742 F.2d 1225, 1227, fn. 1 (9th Cir. 1984) (granting summary judgment *sua sponte* in favor of Boeing even though Boeing never moved for it); *see also Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc*., 2008 U.S. Dist. LEXIS 71761, *104 (C.D. Cal. Mar. 17, 2008) (granting summary judgment *sua sponte* where there was no dispute of material fact).

In the instant case, the Court satisfied the threshold determination by finding that there was no issue of material fact as to validity or infringement.  Order at 8.  The Court properly determined that Plaintiff's Zebra Design lacked the requisite originality for copyright protection and held "as a matter of law, Plaintiff's copyright

in the Zebra Design is invalid." Order at 3.  Further, the court applied the extrinsic test to the Animal Print Design, Burnout Design and Lace Design and correctly determined that the protectable elements were not substantially similar.  Order at 7.  In light of its findings that "Plaintiff failed to satisfy the extrinsic test," the Court concluded that "Defendants have not infringed Plaintiff's copyrights in the Animal Print Design, Burnout Design, and Lace Design." Order at 8. Since no issue of disputed material fact remained as to either validity or infringement of the Meridian Designs, the Court properly granted summary judgment *sua sponte* in favor of Defendants.

Further, Plaintiff cannot reasonably complain that it did not have a full opportunity to brief the issues decided on summary judgment.  As the moving party, Plaintiff controlled the timing of its motion for summary judgment, which was completed on Plaintiff's timetable and filed well before the deadline for dispositive motions.  Scheduling Conference Order, Dkt. No. 29.  Plaintiff requested that the Court grant summary judgment as to the issues of validity and infringement of its copyrighted designs and fully briefed these issues in its moving papers.  Mot. at 23.  Plaintiff's own Proposed Order on Motion for Summary Adjudication Pursuant to Fed. R. Civ. P. 56 establishes that Plaintiff requested that the Court find it holds valid copyrights in all four designs, and that Defendants infringed those copyrights.  Further, Plaintiff had an opportunity to respond, and did respond in its Reply papers, to Defendants' arguments in opposition.  Dkt. No. 63.

Accordingly, summary judgment *sua sponte* was proper because no genuine disputes of material fact remained, the Court determined that Defendants were entitled to judgment as a matter of law, and Plaintiff had a full and fair opportunity to brief the issues of validity and infringement.  Therefore, this Court should deny Plaintiff's Motion for Reconsideration.

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

779649.2

2. **The Court Properly Found that Plaintiff's Zebra Design Copyright Is Invalid**

   a. **The Court Applied the Proper Legal Standard for Validity and There Is No Reason to Disturb the Court's Ruling that Plaintiff's Zebra Design Fails Even the Most Basic Threshold Test For Originality**

In its Order, the Court properly found that "Defendants succeed in rebutting the presumption" that Plaintiff is the holder of a valid copyright in the Zebra Design. Order at 3. The Court's decision was correctly based on its finding that Plaintiff's Zebra Design lacked the requisite originality for protection because Plaintiff failed to contribute *more than* merely trivial variations. Order at 3. ("In this instance, the Court finds nothing that is recognizably the artist's own.") In order to show originality, "[a]ll that is needed to satisfy both the Constitution and the statute is that the 'author' contributed something ***more than a 'merely trivial' variation***, something ***recognizably 'his own.'***" *Three Boys*, 212 F.3d at 489 (citing *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1163 (9th Cir. 1977) (emphasis added)). Here, however, the Court found "***overwhelming support***" for its finding that Plaintiff did not add anything more than trivial variations to the pattern of a Zebra. Order at 3 (emphasis added). Mirroring the test's exact language, the court held, "any variation found in the Zebra Design is ***merely trivial***, lending ***nothing recognizable as the artist's design***." *Id*. Thus, the Court properly found that Plaintiff's Zebra Design failed to meet the standard for originality.

Plaintiff attempts to mislead the court by misquoting *North Coast*, 972 F.2d at 1034 and fabricating its own standard for substantial similarity. However, just as in *Three Boys* and *Krofft*, and pursuant to *North Coast* "[t]he test for substantial similarity is whether the difference between the copyrighted work and the preexisting work is non-trivial." *Id.* at 1033. Plaintiff misstates that summary judgment may be

---

10

granted, "*only* where no reasonable trier-of-fact could find even trivial differences in the designs…" (emphasis added).  Mot. at 4. To the contrary, the *North Coast* court simply stated that it is possible to grant summary judgment where no differences exist, as with a reproduction, which is not applicable here. *North Coast,* 972 F.2d at 1034 ("Likewise, summary judgment has been granted where no reasonable trier-of-fact could find even trivial differences in the designs as, for example, where reproductions are involved.").  ***Nothing in the court's statement precludes a finding of summary judgment where no reasonable trier of fact could find more than merely trivial differences between two works.***

Further, the issue of validity was properly decided on summary judgment. Under controlling authority, "the protectability of elements of a copyrighted work is a question of law for the court." *James W. Newton v. Diamond*, 204 F. Supp. 2d 1244, 1253 (C.D. Cal. 2002); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348, 111 S. Ct. 1282, 1289, 113 L. Ed. 2d 358, 371 (1991).  There is no authority, and Plaintiff cites none, that precludes a finding of summary judgment where, as here, it is evident that no reasonable trier-of-fact could find more than merely trivial differences exist between two works, even under the intrinsic analysis. *See North Coast*, 972 F.2d at 1034 ("while on its face, the 'intrinsic test' as to expression appears to preclude an entry of summary judgment, this court has not hesitated in granting summary judgment where no reasonable trier-of-fact could find substantial similarity.").   Here, the Court found "***overwhelming support***" for its finding that "any variation found in the Zebra Design is merely trivial, lending nothing recognizable as the artist's design." Order at 3 (emphasis added).  Given that the evidence weighed so heavily against originality of expression, no reasonable trier of fact could find more than merely trivial differences between Plaintiff's Zebra Design and the preexisting works.

Furthermore, contrary to Plaintiff's contentions, the Court found that Plaintiff

---

11

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

not only copied the "idea" of a zebra design, but also that nothing in Plaintiff's "expression" of the idea was original to Plaintiff. *Id.* ("While the depiction of zebra stripes as they exist in classical form does not deprive the design of originality, there must be something original added to its *expression*.") (emphasis added).  The Court based its decision on a comparison of Plaintiff's Zebra Design to various other zebra designs introduced by Defendants.  *Id.*  It found the sole negligible differences between Plaintiff's Zebra Design and the preexisting designs were "minute differences in the thickness of the lines and orientation of the pattern."  *Id.*  The Court found these "differences nearly *indistinguishable*" and explained that "these minute differences do not rise to the level of originality." *Id.* (emphasis added).  To be sure, the Court found nothing original, stating, "[i]n this instance, the Court finds *nothing* that is recognizably the artist's own." *Id.* (emphasis added).   Accordingly, the Court's grant of summary judgment of invalidity was appropriate and Plaintiff's motion for reconsideration should be denied.

### 3.   The Primary Jurisdiction Doctrine Has Absolutely Nothing to Do With This Case and Defendants Properly Overcame the Presumption of Validity

The Primary Jurisdiction doctrine is an extremely narrow doctrine that is not applicable to the instant lawsuit.  Primary Jurisdiction "is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency." *Reiter v. Cooper*, 507 U.S. 258, 268, 113 S. Ct. 1213, 1220, 122 L. Ed. 2d 604, 617 (1993).  It "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *N. Cnty. Communs. Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1162 (9th Cir. 2010).  Primary Jurisdiction may be employed when a case "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a

regulatory agency." *Syntek Semiconductor Co.,* 307 F.3d at 780.  Primary Jurisdiction, however, does not "require[] that all claims within an agency's purview . . . be decided by the agency." *Id.*  It is not used to "secure expert advice" from agencies "every time a court is presented with an issue conceivably within the agency's ambit." *Id.*

In fact, the Primary Jurisdiction doctrine is not appropriate in a typical copyright lawsuit, in which the validity of the underlying copyright, not the validity of the *registration*, is in dispute. *See Id.* at 781.  As the Court correctly determined in its Order, in such a case, "the registration is considered prima facie evidence of the validity of the copyright, which can be challenged by presenting evidence attacking the elements of a valid copyright, such as ownership, copyrightable subject matter, and originality." *Id.*; *see also* Order at 2-3.  These determinations are properly—and routinely—decided by the court.

First, there are absolutely no facts here that support a ***referral*** of this case to the Copyright Office.  In particular, the question of validity of Plaintiff's copyright is not an issue of first impression, it does not involve any particularly complicated issues that Congress has committed exclusively to the Register of Copyrights, and Plaintiff has identified none.  Second, contrary to Plaintiff's incorrect contentions, the Primary Jurisdiction doctrine does not require that the court simply ***defer*** to the Copyright Office's registration determination of the Zebra Design, and Plaintiff provides no support whatsoever for this demonstrably meritless contention.  Mot. at 6.  Thus, the Primary Jurisdiction doctrine is not applicable.

This Court set forth the proper and well-recognized standard for attacking the validity of a copyright:

"[u]nder 17 U.S.C. § 410(c), a registration certificate constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate. To rebut the presumption of validity, the defendant must introduce competent evidence showing the contrary. One means by which to rebut the presumption is a showing on the part of the defendant that the plaintiff's work is not original, as originality is the indispensable prerequisite for copyrightability." Order at 2

13

1   (citations omitted).

2   Here, Plaintiff's copyright registration in the Zebra Design merely entitles Plaintiff to

3   a presumption of validity.  As this Court correctly stated, "[c]onsidering the evidence

4   presented by the parties, the Court finds that Defendants succeed in rebutting the

5   presumption."  Order at 3.  Accordingly, the Court has not erred in its determination

6   that the Zebra Design copyright is invalid and Plaintiff has not proven otherwise.  The

7   Primary Jurisdiction doctrine is inapplicable and Plaintiff's Motion for

8   Reconsideration should be denied

9       **4.**    **The Court Properly Considered the Evidence Submitted**

10       The Court properly relied on the evidence submitted by the parties, and

11   particularly on Plaintiff's own evidence of the Meridian Designs and allegedly

12   infringing garments, which Plaintiff now bizarrely and ridiculously claims is not what

13   the Court should have considered. Mot. at 7. The law is plain that on a motion for

14   summary judgment, ***"[t]he court need consider only the cited materials***." Fed. R. Civ.

15   P. 56 (c)(3).  In performing the substantial similarity analysis, the Court explicitly

16   states that it relied on the exhibits found in Plaintiff's Deutchman Declaration

17   depicting Meridian's purported copyrighted designs and the allegedly infringing

18   garments. *See, e.g.,* Order at 7, fn. 2-4 ("In analyzing the extrinsic factors, the court

19   looks to Deutchman Decl., Exs. 2 and 10…"). Plaintiff represented to the Court that

20   these exhibits were true and correct copies of the Meridian Designs, their respective

21   Copyright Registrations and the allegedly infringing garments.  Deutchman Decl. at

22   ¶¶4, 6, 8, 10, 12, 14, Exh. 2, 4, 6, 8, 10-13, 15.  In fact, the exhibits attached to the

23   Deutchman Declaration are the ***only*** evidence of Meridian's purported copyrights and

24   the allegedly infringing garments submitted by Meridian in support of its Motion for

25   Summary Judgment. *Id.*  Further, Plaintiff does not make a single reference anywhere

26   in its moving or reply papers to any garments or fabric samples purportedly lodged

27   with the Court.  Accordingly, the court has satisfied its obligation to consider the cited

materials pursuant to Rule 56(c)(3).

In any event, Meridian is not permitted to introduce any new evidence on a motion for reconsideration that was available prior to the hearing. *See Haw. Stevedores, Inc.*, 363 F. Supp. 2d at 1269 (reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision); *see also Sierra Club*, 486 F. Supp. 2d at 1188. Since Plaintiff admits it had the purported garments and fabric samples prior to the hearing on its Motion for Summary Judgment, but failed to mention these samples anywhere in Plaintiff's moving or reply papers, Plaintiff is precluded from introducing that evidence on reconsideration. Mot. at 7. Accordingly, the Court should disregard any alleged samples lodged with the court, if any even exist.

Moreover, there is no authority, and Plaintiff cites none, that mandates that the Court should not have looked at Plaintiff's exhibits, which Plaintiff represented as true and correct copies of the designs at issue and submitted in support of its Motion. In fact, courts in this circuit have explicitly rejected Plaintiff's argument that reproductions in exhibits are inadequate to serve as a basis for comparison with the genuine work in a motion for summary judgment in a copyright infringement case. *Milton H. Greene Archives, Inc. v. BPI Communs., Inc.*, 378 F. Supp. 2d 1189, 1195, fn. 3 (C.D. Cal. 2005).

Further, the two out-of-circuit cases Plaintiff relies on are not controlling authority and are inapposite. Mot. at 7-8. In *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. N.Y. 1986) (affirming summary judgment because no reasonable trier of fact could find substantial similarity between the protectable elements of plaintiff's book and defendants' movie, and whatever similarities existed were trivial, abstract or related to noncopyrightable material), the court merely determined it was not required to consider a contradictory version of a film when the original was available. Here, however, Plaintiff has not pointed to any differences between the alleged originals and

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

the copies it submitted, and Plaintiff in fact represented under oath that there are none. Further, *Williams v. Crichton*, 84 F.3d 581, 583 (2d Cir. N.Y. 1996) has nothing to do with whether purportedly true and correct reproductions may be examined in the place of original works on a motion for summary judgment. As discussed above, Plaintiff represented that the photographs attached to the Deutchman Declaration were true and correct copies of the Meridian Designs and the allegedly infringing garments. Deutchman Decl. at ¶¶4, 6, 8, 10, 12, 14. Accordingly, Plaintiff cannot reasonably claim that its own statements under oath were false and its own evidence in support of its motion is insufficient.

In light of the foregoing, it is evident that the Court did not err in considering the evidence that was before it, including Plaintiff's own evidence. Accordingly, Plaintiff's Motion should be denied.

**5.   It Is Not Improper To Consider Dissimilarities and The Court Applied the Proper "Substantial Similarity" Legal Standard and Found No Substantial Similarity Exists**

After the Court correctly considered the similarities between Plaintiff's Animal Print Design, Burnout Design and Lace Design on the one hand and Defendants' works on the other and found no similarities of protectable elements existed, the Court additionally highlighted the myriad of differences amongst the works.

In analyzing the similarities, the Court correctly applied the extrinsic test and found that there were no substantial similarities between the *protectable* elements of the Meridian Designs and the allegedly infringing garments. Order at 5, 7. As the Court stated, "[t]o prevail on a copyright infringement claim, a plaintiff must prove substantial similarity under both the extrinsic and intrinsic tests. *Id.* at 7; *Three Boys*, 212 F.3d at 485. "At the initial 'extrinsic' stage, we examine the similarities between the copyrighted and challenged works and then determine whether the similar elements are protectable or unprotectable." *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

779649.2

904, 913 (9th Cir. 2010).  Summary judgment is appropriate where there exists no substantial similarity of protectable expression. *See Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 902 (9th Cir. 1987).

The Court found that the Animal Print Design and Defendants' animal print top both "incorporate three distinct animal prints, two of which are the zebra and the leopard," but, "[t]he similarities end there." Order at 7. As the Court states, the "general concept" of a multi-animal design is "not novel." *Id.* at 4. Further, the Court determined that Meridian's Zebra Design copyright is invalid and the zebra print is not protectable. *Id.* at 3.  Accordingly, the incorporation of zebra and leopard into a multi-animal print design is not protectable.

With respect to the Burnout Design, the Court found the only similarity was that "both designs are distinguishable as burnout designs." *Id.* at 7.  However, the Court found that the "evidence establishes that all burnout designs are created using the same technological process." *Id.* at 4.  Further, the technological process for creating a burnout design is common, or in the public domain. *Id.* at 6.  Thus, the concept of a burnout design is not protectable expression.

Further, the Court found that the only similarities between Meridian's Lace Design, and Defendants' lace tops were that "[a]ll three designs incorporated stylized six-petaled flowers and scrolled leaves overlaying mesh." *Id.* at 7.  The Court did not find any other similarities whatsoever. *Id.*  Further, the Court correctly applied the standard from *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012), which holds that the idea of a floral pattern is unprotectable, and only the original expression of unprotectable elements may be protected. Order at 6.  In *L.A. Printex*, the court explained, "[t]he idea of a floral pattern depicting bouquets and branches is not protectible, and C30020 has elements that are not protectible, for example the combination of open flowers and closed buds in a single bouquet or the green color of stems and leaves." *L.A. Printex*, 676 F.3d at 850.  Accordingly, the

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

779649.2

idea of stylized flowers, scrolled leaves and mesh is not protectable.  Further, the Court found no similarities between Defendants' works and Plaintiff's particular expression of the stylized floral design here.

Thus, the Court properly concluded that there was no similarity of protectable expression, and therefore no infringement of Plaintiff's Animal Print Design, Burnout Design and Lace Design. Order at 7.  Since there was no similarity of protectable expression, summary judgment was appropriate in Defendants' favor.

Further, under the law of this Circuit, the Court's additional consideration of differences as between Plaintiff's and Defendants' works is not improper.[2] Dissimilarities may be taken into account on a Motion for Summary Judgment, particularly where, as here, the dissimilarities exceed the points of similarity and the remaining points are of minimal importance.  *Weygand*, 1997 U.S. Dist. LEXIS 10613 at *29, fn. 22 (rejecting plaintiff's contention that dissimilarities between the two works should not be taken into account where "the two works have strikingly few similarities").  In *Weygand,* the Court explained,

> "if the points of dissimilarity not only exceed the points of similarity, but indicate that the remaining points are, within the context of plaintiff's work, of minimal importance, either quantitatively or qualitatively, then no infringement results." *Id.* (citing 3 Nimmer § 13.03[B][1][b] at 13-59).

Here, the Court found overwhelmingly that there were more dissimilarities than similarities between Plaintiff's and Defendants' works.  *See* Order at 7.  For example,

---

[2] Plaintiff cites no controlling authority for its contention that dissimilarity should not be considered. Mot. at 8-9.  Further, Plaintiff incorrectly attributes the following statement by Professor Nimmer to Judge Learned Hand : "It is entirely immaterial that, in many respects, plaintiff's and defendant's designs are dissimilar, if in other respects, similarity as to a substantial element of plaintiff's work can be shown. … If substantial similarity is found, the defendant will not be immunized from liability by reason of the addition in his work of different characters or additional and varied incidents…" Mot. at 9; 3 Nimmer § 13.03[B] [1][a].  Further, this citation is not found anywhere in *Sheldon v. Metro-Goldwyn Pictures Corp*., 81 F.2d 49, 55 (2d Cir. N.Y. 1936), which has nothing to do with whether dissimilarities can be considered on a motion for summary judgment. In addition, this authority does not stand for the proposition that dissimilarity may not be considered, even where no, or insufficient similarity is found.

18

779649.2

with respect to the Animal Print Design, the Court found the following "significant differences":

> "as compared to the Animal Print Design, Defendants' top uses a more densely clustered depiction of the leopard print. Second, the markings on Plaintiff's cheetah print are spaced much further apart, and less mosaic-like than Defendants' counterpart. Defendants have attributed this difference to the fact their top depicts a different animal altogether, a giraffe rather than a cheetah. Finally, the arrangement of the three components also differs. As opposed to the Animal Print Design, Defendants' top appears to overlap the three different elements much more extensively, resulting in a more muddled appearance." *Id.*

Further, these dissimilarities make up virtually the entire work.  They are not minor differences or small modifications to an otherwise similar work.  Accordingly, it was not improper for the Court to consider these major differences after it considered the similarities.

Accordingly, the Court properly based its conclusion that Defendants did not infringe Meridian's Animal Print Design, Burnout Design and Lace Design on the Court's finding that there were no similarities in protectable expression in addition to "significant differences" between the works. Therefore, Plaintiff's motion should be denied.

### 6.    Application of the Inverse Ratio Rule Would Not Change the Court's Finding of No Infringement

The Court's finding of no substantial similarity between the allegedly infringing garments and Plaintiff's Animal Print Design, Burnout Design and Lace Design holds true under any standard of proof of substantial similarity.  Plaintiff incorrectly contends that it is entitled to a lower standard of proof of substantial similarity under the Inverse Ratio Rule.  Mot. at 11-12.  However, it is well established that "[n]o amount of proof of access will suffice to show copying if there are no similarities" in protectable expression.  *Funky Films*, 462 F.3d at 1081 (citing *Krofft,* 562 F.2d at 1172.).  In *Funky Films*, the Ninth Circuit affirmed the district court's summary

judgment in appellees' favor based on its finding that "the two works lack any concrete or articulable similarities" and "[t]hus, appellants would not be able to demonstrate unlawful copying even under a relaxed version of the substantial-similarity test." *Id.* at 1081-1082.

Further, even where the standard of proof is lowered under the Inverse Ratio Rule, it is not heavily discounted. At most, "the required degree of similarity *may be somewhat less* than would be necessary in the absence of such proof." *Krofft*, 562 F.2d at 1172 (emphasis added).

In the instant case, the Court properly granted summary judgment in Defendants' favor because Plaintiff cannot prove substantial similarity under any standard, even a "somewhat" relaxed standard.  As discussed above, the Court properly determined that Plaintiff failed to show substantial similarity under the extrinsic test because there were no, or very few similarities of protectable elements between Plaintiff's Animal Print Design, Burnout Design and Lace Design on the one hand, and the allegedly infringing garments on the other. Order at 7-8.  Accordingly, invocation of the Inverse Ratio Rule does not change this result. Therefore, Plaintiff's motion for reconsideration should be denied.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Summary Judgment and *Sua Sponte* Grant of Summary Judgment to Defendants in its entirety.

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

779649.2

1   DATED:  September 24, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Respectfully submitted,

GLASER WEIL FINK JACOBS
   HOWARD AVCHEN & SHAPIRO LLP


By:  /s/ Erica J. Van Loon
     ERICA J. VAN LOON
     ADRIAN M. PRUETZ
     JESSICA A. WOOD
     Attorneys for
     Topson Downs of California, Inc. and
     Target Corporation

TOPSON DOWNS AND TARGET CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

779649.2