Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: CV11-8351 RGK (AGRx)<br>*Honorable R. Gary Klausner Presiding*<br><br>**REPLY TO DEFENDNTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND *SUA SPONTE* GRANT OF PARTIAL SUMMARY JUDGMENT TO DEFENDANTS**<br><br>Date: October 15, 2012<br>Time: 9:00am<br>Courtroom: 850 |

## I. INTRODUCTION

In this action, Plaintiff has filed a Motion for Reconsideration (the "Motion") of this Court's Order granting summary judgment, *sua sponte* in favor of Defendants (the "Order"). Defendants' Opposition to Plaintiff's Motion ("Opposition" or "Opp.") puts forth several groundless attempts to undercut the reasoned and legitimate points made in Plaintiff's Motion. This Reply acts as a supplement to Plaintiff's Motion for Reconsideration and a response to Defendants' Opposition.

Contrary to the multitude of erroneous contentions made by Defendants in the Opposition, Plaintiff has satisfied the standard for its Motion and has fully illustrated why the Court did not correctly grant summary judgment for Defendants based on applicable legal standards and available evidence. As provided below, Defendants are wrong on every assertion made in the Opposition. Rather, reconsideration of the Order is necessary and proper given the extent to which the Court has misconstrued facts and misapplied the law, resulting in manifest injustice to Plaintiff.

## II. ARGUMENT

### A. Plaintiff's Motion Supplies Numerous Grounds for Reconsideration.

Defendants claim that Plaintiff has not identified any proper basis for a motion for reconsideration. (Opp. p.5. ¶21-22.) Defendants seem to ignore the fact that Plaintiff repeatedly provides that the Court committed clear and reversible error by performing a manifest failure to properly consider material facts as presented. Such error easily satisfies the standards of both Local Rule 7-18 as well as Federal Rule of Civil Procedure 60(b).

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Carpenters Sw. Admin. Corp. v. Advanced Architectural Metals, Inc.*, CV 07-06924

1

DDP VBKX, 2011 WL 3206465 (C.D. Cal. July 26, 2011).  Furthermore, The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence. *See Liberty Mut. Ins. Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982) (holding that the "law in this circuit is that errors of law are cognizable under Rule 60(b)"); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999).

Plaintiff did not have a fair opportunity to present its own case for summary judgment because the Court misapplied the law and misjudged the facts to such a degree that its Order was manifestly unjust.  The Court's clear error will result in manifest injustice to Plaintiff if the Court does not reconsider its ruling.  As such, Plaintiff's Motion for Reconsideration is fully supported by the standards set forth in Local Rule 7-18 and FRCP 60(b) and must be granted.

### i.  The Court Did Not Apply the Proper Legal Standard for Assessing Validity of Plaintiff's Zebra Design.

Plaintiff continues to contend that the Court applied an incorrect legal standard for determination of validity of the "Zebra" design, despite Defendants' erroneous contrary claims.  Given the nature of the roots of the design itself, even minute differences from previous works must be found to constitute a new original copyrightable creation.  Thus, Plaintiff's "Zebra" design is original and validly copyrightable.

Given the fact that Plaintiff's design was already granted a valid copyright registration, it has a presumption of originality.  *Smith v. Jackson,* 84 F.3d 1213, 1219 (9th Cir.1996).  To overcome this presumption, defendants must demonstrate why the designs are not copyrightable.  *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000).  Additionally, there is a "low threshold" for originality under the Copyright Act; the degree of originality required for copyrightability is minimal.  *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir. 2000).  Moreover, In *Feist*

*Publications, Inc. v. Rural Telephone Service Co., Inc.,* , the Supreme Court held that "[o]riginal, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

This originality requirement does not mean that for valid copyright protection, the copyright must represent something entirely new under the sun. *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992). Originality in this context means little more than a prohibition of actual copying; no matter how poor artistically the author's addition, it is enough if it be his own. *Id*. (*citations omitted*.) Further, the lessons from *N. Coast* hold true for the case at bar and are highly instructive. In that case, the court stated:

> If we were to accept the view that, as a matter of law the differences in the placement of geometric shapes should be regarded as trivial, we would be forced to conclude that [Plaintiff's] creativity with geometric shapes ended with his first painting, and that he went on to paint the same painting a thousand times. This is not the judgment of art history, and it cannot be the correct judgment of a court as a matter of law. The plaintiff was entitled to have the validity of its copyright determined by a trier-of-fact.

*N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1035 (9th Cir. 1992). Just as it could not be said that placement of seemingly basic and imitative geometric shapes cannot be judged unoriginal as a matter of law, the same rationale must be applied to the case of zebra print designs. The Court in this case instead found that the "minute differences in the thickness of the lines and orientation of the pattern" illustrated the design's unoriginality. (Order, p. 2.) However, even slight differences in the placement and thickness of the natural zebra pattern cannot be judged as merely trivial; indeed these differences are what makes the design "the artist's own" just as was the case in *North Coast,* and thus originality must at least be determined by a trier of fact.

1  Slight variations in placement and style of the lines of the pattern is what
2  differentiates such zebra prints from one another. To say otherwise would hold that
3  the same zebra print has been recreated thousands of times over, all unoriginal and
4  uncopyrightable duplicates from one original source. Just as fingerprints may
5  resemble one another, each is in fact different and wholly original. Simply offering
6  other similar examples of zebra prints, much like offering examples of fingerprints, or
7  simple geometric shapes, should not have been found to rebut the presumption of
8  validity in Plaintiff's design given the minute amount of difference needed to qualify
9  as original for purposes of copyrightability. Defendants' claim that the court
10 instituted a proper originality analysis is in error. Therefore it was error for the Court
11 to find that Defendants rebutted Plaintiff's presumption of originality in its "Zebra"
12 design. The Court's Order must be reconsidered.

### ii. The Primary Jurisdiction Doctrine is Valid and Should be Followed.

15 Defendants make the outrageous assertion that the well-settled and oft-applied
16 primary jurisdiction doctrine has "absolutely nothing to do" with this case. (Opp.
17 p.12.) Quite to the contrary, the primary jurisdiction doctrine, and notable absence of
18 discussion of the doctrine in the Order, both have a great deal to do with the
19 misapplied granting of summary judgment in this case.
20 The doctrine of primary jurisdiction operates as follows: "When there is a basis
21 for judicial action, independent of agency proceedings, courts may route the threshold
22 decision as to certain issues to the agency charged with primary responsibility for
23 governmental supervision or control of the particular industry or activity
24 involved." *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget*
25 *Translantic,* 400 U.S. 62, 64, 69–71, 91 S.Ct. 203, 206, 208–09, 27 L.Ed.2d 203
26 (1970). This doctrine is applicable when a claim is "originally cognizable in the
27 courts," but is "subject to a regulatory scheme that is enforced by an administrative

1 body of special competence." *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1086 (N.D. Cal. 2011). Moreover, Primary jurisdiction is a "prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." *Wild Fish Conservancy v. Salazar*, 688 F. Supp. 2d 1225, 1238 (E.D. Wash. 2010) (*citations omitted*). Courts have indeed deferred "to the expertise" of administrative bodies for the purpose of furthering the interest of uniformity. *See, e.g. Barahona v. T-Mobile US, Inc.*, 628 F. Supp. 2d 1268, 1272 (W.D. Wash. 2009).

Surely even Defendants cannot argue that the United States Copyright Office is not an administrative body of special competence intended to provide uniformity in the area of copyrights. In Defendants' own cited case of *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.,* it was reiterated, "Congressional intent to have national uniformity in copyright laws is clear" 307 F.3d 775, 781 (9th Cir. 2002).[1] As such, deference to the finding of originality must be respected and upheld. Moreover, the interests of efficiency and uniformity favor deference to the US Copyright Office on the subject of sufficiency of originality for purposes of originality and copyrightability. Defendants simply misstate that there are no facts to support deference to the US Copyright Office for the determination of requisite originality of Plaintiff's "Zebra" design.

Because primary jurisdiction should have, and was not, followed by the Court in the instant case, the analysis of validity of Plaintiff's "Zebra" design was made in clear error. As such, Plaintiff's Motion for Reconsideration must be granted.

//
//

---

[1] *Citing Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 231 n. 7, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964); *see also* 17 U.S.C. § 301.

### iii. Garment and Fabric Samples were Properly Lodged and Referenced Throughout Plaintiff's Moving Papers, Thus the Court did not Sufficiently Consider the Totality of Submitted Evidence.

In the Opposition, Defendants mangle and misstate Plaintiff's arguments on the evidence available in this case and further provide bad faith representations as to the status of such evidence. Because the garments and fabric cited by Plaintiff in its Motion were properly lodged and repeatedly referenced throughout Plaintiff's Complaint and moving papers, the Court should have examined these pieces of evidence before entering its Order. As such, the Order must be reconsidered.

Defendants make the outrageous contention that Plaintiff has sought the Court to examine garments that have not been lodged into evidence. (Opp. p.14.) However, a simple examination of the docket for this action would reveal Plaintiff's Notice of Lodging of Plaintiff's Exhibits and Garments Referenced in its Operative Complaint (the "Notice") entered into the record on August 12, 2012.[2] The Notice details the properly lodged garments and fabric samples bearing each and every Subject Design described in Plaintiff's Complaint and Motion for Summary Judgment ("MSJ") in addition to samples of Defendants' offending garments. The Court can plainly see that the garments and fabric samples properly and timely lodged by Plaintiff are the precise garments which were repeatedly referred to and excerpted in Plaintiff's Complaint and MSJ, and partially represented in properly authenticated pictures as the exhibits to the Deutchman declaration.

Additionally, Defendants have made the ridiculous and bad faith assertion that Plaintiff has not mentioned the lodged garments anywhere in its moving papers and seeks to submit new evidence for the purposes of its Motion. (*Id.* at 14-15.) However, throughout Plaintiff's MSJ, it repeatedly asserts that the *garments*

---

[2] *See* 2:11-cv-08351-RGK-AGR Doc. 67.

themselves are the articles that are infringing in nature, and that the pictures provided, including those attached as exhibits to Deutchman's declaration, are representative samples or excerpts of the Subject Designs and designs on the offending garments. (*See* Plaintiff's Motion for Summary Judgment and the Deutchman Declaration). It is these garments that formed the basis of Plaintiff's complaint, and thereafter Plaintiff's MSJ which incorporates the Complaint by reference. Indeed, the garments and fabric samples were lodged for the precise purpose that the Court consider such evidence in making its determination of Summary Judgment. Why else would Plaintiff bother to lodge these garments and samples? Furthermore, the garments and fabric samples were properly lodged prior to the Court's Minute Order advising counsel of taking the MSJ under consideration.[3] It simply cannot be stated in good faith that Plaintiff seeks to admit "new" evidence not previously mentioned.

The garments and fabric samples were properly lodged with the Court and referenced throughout Plaintiff's moving papers. Especially when noting that the Court took the extreme position of entering a *sua sponte* grant of summary judgment to the non-moving party on the subject of infringement of designs on garments in this action, it is wholly improper that the Court did not even bother to examine the textiles and garments upon which the entire action is based. This omission amounts to clear and manifest error resulting in extreme prejudice to Plaintiff. The Court must reconsider its Order.

### iv. Defendants Erroneously Support a Dissection of Dissimilarities Analysis in Support of Summary Judgment, Which is Contrary to the Law.

Defendants are mistaken in stating that the Court correctly considered the similarities between Plaintiff's designs and Defendants' designs. (Opp. p.16.) Especially when noting the fact that the Court admitted that Plaintiff's designs are

---

[3] *See* 2:11-cv-08351-RGK-AGR, Doc. 68.

afforded broad copyright protection (*See* Order, pp.5-6,) a focused examination of the dissimilarities present in the designs was wholly improper and made in clear error. Defendants now contend that the Court engaged in a proper and complete analysis under controlling law, and furthermore find that it was sufficient enough to support granting summary judgment in favor of a finding of no substantial similarity as to any of the designs at issue. Defendants are wrong, and the Court's Order must be reconsidered.

      Differences noted by a district court may not by themselves compel the conclusion that no reasonable juror could find that Defendants' design is substantially similar, rather, in light of the <u>similarities</u> of the protectable elements of the designs at issue, differences may support the opposite conclusion, that there is a genuine dispute of material fact on substantial similarity. *See, e.g. L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 851 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (June 13, 2012). Furthermore, summary judgment is "not highly favored" on questions of substantial similarity in copyright cases. *Shaw v. Lindheim,* 919 F.2d 1353, 1355 (9th Cir.1990) (quoting *Narell v. Freeman,* 872 F.2d 907, 909 (9th Cir.1989)). Summary judgment is appropriate if the court can conclude "that no reasonable juror could find substantial similarity of ideas and expression." *Id.* (quoting *Narell*, 872 F.2d at 909–10). "Where reasonable minds could differ on the issue of substantial similarity, however, summary judgment is improper." *Id.*

      Defendants simply point to the facial recognitions of the types of patterns involved as "similarities" examined by the court in its Order when in fact no substantive analysis of the similarities of the designs was made. (*See* Opp. p.17 ("both incorporate three distinct animal prints," "both designs are distinguishable as burnout designs," "all three designs incorporated stylized six-petaled flowers and scrolled leaves over mesh." (*citations omitted*.)) Instead, the Court engaged in a

8

PLAINTIFF'S **REPLY TO DEFENDNTS' OPPOSITION**

1  dissection of the various differences to be found between the designs at issue and
2  based its ruling on such supposed differences.  (*See* Motion, pp.11-14.)  The Court
3  employed this dissimilarity analysis without a material examination of the multitude
4  of similarities illustrated in Plaintiff's moving papers.  In fact, in its MSJ, Plaintiff
5  pointed out more than 30 distinct areas of substantial similarity, if not direct copying,
6  present in both Plaintiff's designs and Defendants' corresponding allegedly infringing
7  designs.  The Court completely disregarded these specifically illustrated examples of
8  similarity, not discussing any of them and instead engaged in an improper dissection
9  of the dissimilarities present in the designs.  (*See* Order p.7.)  This sort of analysis is
10 improper, and thus it was made in clear error in the case at bar.

    Contrary to Defendants' contentions, deciding a lack of substantial similarity on
the basis of a dissection of perceived differences is an improper application of the law.
Furthermore, a proper comparison of the similarities of the protectable elements of
Plaintiff's designs to Defendants' designs does not support a granting of summary
judgment against substantial similarity.  At the very least, it is clear error for the Court
to hold that reasonable minds could not even differ on this issue.  The Court thus
committed clear and manifest error by not allowing the issue of substantial similarity
(as opposed to substantial dissimilarity) to go to the jury.  The Order must therefore
be reconsidered.

### v. Application of the Inverse Ratio Rule Would Reverse the Finding of Non-Infringement.

Defendants somehow contend that the inverse ratio rule is inapplicable here.
This contention is groundless and runs afoul of established copyright law in this
circuit.  Because the Court did not even make mention of the lowered standard of
substantial similarity required and presumably did not apply this requisite standard, it
committed clear error which resulted in manifest injustice to Plaintiff.  Therefore,
Plaintiff's Motion for Reconsideration must be granted.

Defendants' claim that Plaintiff is not entitled to a lower standard of proof of substantial similarity under the inverse ration rule is simply unsupportable. (*See* Opp. p.19.) Defendants seem to ignore that the Ninth Circuit's inverse-ratio rule requires a lesser showing of substantial similarity if there is a strong showing of access. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000). *See also Novak v. Warner Bros Pictures, LLC,* 387 F. App'x 747, 749 (9th Cir. 2010) (the inverse ratio rule ostensibly lessens the quantum of proof required to show copying when the plaintiff can show that the defendant had a high degree of access' to the protected work) (*citations omitted*); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010) (Under the "inverse ratio" rule, if a defendant had access to a copyrighted work, the plaintiff may show infringement based on a lesser degree of similarity between the copyrighted work and the allegedly infringing work.)

In hopes of supporting their claims, Defendants cite to *Funky Films, Inc. v. Time Warner Entm't Co., L.P., 462 F.3d 1072, 1077, 1081 (9th Cir. 2006) (citing Krofft*, 562 F.2d at 1172) stating that "no amount of proof of access will suffice to show copying if there are no similarities…" However, Defendants fail to complete the quote from *Krofft*: "…This is not to say, however, that where clear and convincing evidence of access is presented, the quantum of proof required to show substantial similarity may not be lower than when access is shown merely by a preponderance of the evidence." *Krofft*, 562 F.2d at 1172. Here, the evidence of access is far and beyond clear and convincing, it is admitted and indisputable. (Defs.' Statement of Genuine Issues of Disputed Facts Nos. 22-27.) For Defendants to claim that the inverse ratio rule does not apply given the foregoing is simply wrong.

Defendants' error continues in stating that *Funky Films* is on point, because there are "no similarities," in the designs at issue. However, Defendants ignore the fact that even under the Court's virtually nonexistent similarities analysis, certain facial similarities were identified (*See* Order, p.7.) By any means, the mere fact that

Defendants' access was admitted in this case, and the inverse ratio rule was not even discussed much less applied, supports Plaintiff's position that summary judgment should not have been granted. Especially in conjunction with the Court's misapplication of the entire substantial similarity analysis, not applying the inverse ratio rule, as is required in this circuit, was clear error resulting in manifest injustice to Plaintiff. Therefore, the Court's Order must be reconsidered and eventually reversed.

### III.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Reconsideration of the Court's Order.

Respectfully submitted,

DONIGER / BURROUGHS APC

Dated: October 1, 2012           By:  /s/ Stephen M. Doniger
                                      Stephen M. Doniger, Esq.
                                      Attorney for Plaintiff