ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920 0

Attorneys for Defendants
*Topson Downs of California, Inc. and
Target Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation,<br><br>           Plaintiff,<br><br>v.<br><br>TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>           Defendants. | CASE NO.: CV11-8351 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND "FULL COSTS" UNDER SECTION 505 OF THE COPYRIGHT ACT**<br><br>Date:   October 29, 2012<br>Time:  9:00 a.m.<br>Dept.:  850 |

*Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP*

779880

TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that, on October 29, 2012, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner of the United States District Court of the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Topson Downs of California, Inc. ("Topson"), Target Corporation ("Target"), and Wal-Mart Stores, Inc. ("Walmart") (collectively, "Prevailing Defendants") shall, and hereby do, move the Court for an award of attorneys' fees and "full costs" pursuant to Section 505 of the U.S. Copyright Act and Rule 54(d) of the Federal Rules of Civil Procedure.

This court should exercise its discretion and award Prevailing Defendants their attorneys' fees in the amount of  $245,731.02 and non-taxable costs in the amount of $11,253.85 because: (1) Prevailing Defendants achieved complete success in defending against Plaintiff Meridian Textiles, Inc.'s ("Meridian") meritless claims of copyright infringement against Defendants; (2) Meridian's claims in this lawsuit were frivolous and Prevailing Defendants' successful defense furthers the purposes of the Copyright Act by preventing Meridian from claiming an improper monopoly in an unoriginal zebra print and misusing its copyrights for unfair competition; (3) Meridian's claims were objectively unreasonable; and (4) Meridian's motive was improper and an award of attorney's fees and full costs will deter Plaintiff and other would-be plaintiffs from bringing similar frivolous copyright infringement suits and also compensate Prevailing Defendants for the economic loss incurred by their defense.  Further, the attorneys' fees and non-taxable costs requested by Prevailing Defendants were reasonable and necessary to its successful defense.

Counsel for Topson and Target met and conferred with Meridian's counsel regarding this Motion on September 4, 2012, providing the grounds upon which this relief would be sought.  Declaration of Erica J. Van Loon, ¶3.  Meridian's counsel indicated Meridian would oppose this motion.  *Id*.

779880

1    This Motion will be based upon this Notice of Motion and Motion, the

2  Memorandum of Points and Authorities filed herewith, the Declaration of Erica J.

3  Van Loon, the Declaration of Mark D. Brutzkus, the Declaration of Laura L.

4  Chapman, the Proposed Order filed herewith, the pleadings and papers filed in this

5  action, and upon such other matters as the Court may properly consider.

6

7  DATED:  October 1, 2012          GLASER WEIL FINK JACOBS
                                        HOWARD AVCHEN & SHAPIRO LLP
8

9

10                                By   /s/ Erica J. Van Loon

11                                     ADRIAN M. PRUETZ
                                       ERICA J. VAN LOON
12                                     JESSICA WOOD
                                          Attorneys for Defendants
13                                        Topson Downs of California, Inc. and
                                          Target Corporation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

779880

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.   INTRODUCTION ............................................................................................ 1

II.  STATEMENT OF FACTS .............................................................................. 2

III. ARGUMENT ................................................................................................... 4

    A.   As the "Prevailing Party," Topson, Target and Walmart are
    Entitled to Attorneys' Fees and Full Costs Under 17 U.S.C. § 505 ..... 4

    B.   The Factors Weigh in Favor of Awarding Prevailing Defendants
    Attorneys' Fees ................................................................................. 6

        1.   Prevailing Defendants Achieved Complete Success ................. 7

        2.   Prevailing Defendants' Complete Successful Defense
        Furthers the Purposes of the Copyright Act ............................. 7

        3.   Meridian's Suit was Objectively Meritless ............................... 9

        4.   Plaintiff's Motive was Improper and Considerations of Both
        Compensation and Deterrence Favor an Award ...................... 10

    C.   Prevailing Defendants' Fees Were Necessary and Reasonable .......... 12

    D.   The Court Should Also Award Non-taxable Costs ............................ 14

IV.  CONCLUSION ............................................................................................ 16

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

779880

1

# TABLE OF AUTHORITIES

2

**CASES**

3 *Actuate Corp. v. Aon Corp.,*
  2012 U.S. Dist. LEXIS 118346 (N.D. Cal. Aug. 21, 2012) ............................... 10,11

4 *Apple Computer v. Microsoft Corp.,*
5   35 F.3d 1435 (9th Cir. 1994) ....................................................................................... 5

6 *Assessment Techs. of Wi, LLC v. Wire Data, Inc.,*
   361 F.3d 434 (7th Cir. 2004) ...................................................................................... 8

7 *Crane-McNab v. County of Merced,*
8   773 F. Supp. 2d 861 (E.D. Cal. 2011) .................................................................... 12

9 *Family Dollar Stores, Inc. v. United Fabrics International, Inc.,*
   Case No. 11-cv-02574 (S.D.N.Y. Sep. 11, 2012) ...................................... ........ 11

10 *Fantasy Inc. v. Fogerty,*
11   1995 U.S. Dist. LEXIS 6197 (N.D. Cal. May 2, 1995) ........................................... 12

12 *Fantasy, Inc. v. Fogerty,*
    94 F.3d 553, (9th Cir. 1996) ........................................................................ 5,6,8,11

13 *Fogerty v. Fantasy, Inc.,*
14   510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455, (1994)............................. 5,6,7,8

15 *Gilbert v. New Line Prods.,*
    2010 U.S. Dist. LEXIS 141518 (C.D. Cal. Dec. 6, 2010) ..................................... 15

16 *Goldberg v. Cameron,*
17   2011 U.S. Dist. LEXIS 89376 (N.D. Cal. 2011) ...................................................... 5

18 *Halicki Films, LLC v. Sanderson Sales & Mktg.,*
    547 F.3d 1213 (9th Cir. 2008) .................................................................................. 6

19 *Identity Arts v. Best Buy Enter.,*
20   2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008)........................... 6,12,15

21 *Jackson v. Axton,*
    25 F.3d 884 (9th Cir. 1994) ..................................................................................... 5,6

22 *Kerr v. Screen Extras Guild, Inc.,*
23   526 F.2d 67 (9th Cir. 1975) .................................................................................... 12

24 *Kourtis v. Cameron,*
    358 Fed. Appx. 863 (9th Cir. 2009)........................................................................ 15

25 *Oskar Sys., LLC v. Club Speed, Inc.,*
26   2010 U.S. Dist. LEXIS 115714 (C.D. Cal. Oct. 20, 2010)....................................... 5

27 *Oviatt By and Through Waugh v. Pearce,*
    954 F.2d 1470 (9th Cir. 1992)................................................................................. 12

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

ii

779880

*San Diego Police Officers' Ass'n v. San Diego City Emples. Ret. Sys.,*
  568 F.3d 725 (9th Cir. 2009) ............................................................................. 5

*Screenlife Establishment v. Tower Video, Inc.,*
  868 F.Supp. 47 (S.D.N.Y. 1994) ....................................................................... 5

*Traditional Cat Ass'n v. Gilbreath,*
  340 F.3d 829 (9th Cir. 2003) ........................................................................... 12

*Twentieth Century Fox Film Corp. v. Entm't Distrib.,*
  429 F.3d 869 (9th Cir. 2005) ........................................................................... 14

*Yue v. Storage Tech. Corp.,*
  2008 U.S. Dist. LEXIS 68920 (N.D. Cal. Aug. 6, 2008) ...................................... 16

**FEDERAL STATUES**

17 U.S.C. § 505 ............................................................................................. 1,5,14,15

28 U.S.C. § 1920 ............................................................................................... 14,15

Fed. R. Civ. P. 54 ................................................................................................... 15

**OTHER AUTHORITIES**

U.S. Const., Art I § 8, cl. 8 ...................................................................................... 8

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND "FULL COSTS"

779880

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    As all claims against Defendants Topson Downs of California, Inc. ("Topson"),

4  Target Corporation ("Target"), and Wal-Mart Stores, Inc. ("Walmart") (collectively,

5  "Prevailing Defendants") were dismissed on summary judgment, this court should

6  exercise its discretion and  award Prevailing Defendants their attorneys' fees in the

7  amount of $245,731.02 and non-taxable costs in the amount of $11,253.85[1], pursuant

8  to Section 505 of the U.S. Copyright Act and Rule 54(d) of the Federal Rules of Civil

9  Procedure.

10    The record of this case fully supports the award of attorneys' fees and "full

11  costs" sought by Prevailing Defendants, and the strong presumption in favor of

12  awarding fees and costs applies here.  In particular, Plaintiff Meridian Textiles, Inc.

13  ("Meridian") tried to stifle competition by bringing this legally and factually deficient

14  action based on a Zebra Design that lacked even the most minimal threshold of

15  originality and three other designs that were obviously dissimilar from Prevailing

16  Defendants' apparel.  Indeed, this Court found such "overwhelming support" that the

17  Zebra Design was not original and so few similarities of protectable elements between

18  Defendants' garments and Meridian's Animal Print Design, Burnout Design and Lace

19  Design, that this Court *sua sponte* granted summary judgment in favor of Prevailing

20

21  [1] These totals do not include a portion of Prevailing Defendants counsels' hours spent litigating the issue of fees ("fees on fees"). *Camacho v. Bridgeport Financial, Inc.*

22  523 F.3d 973, 981 (9th Cir. 2008) ("time spent in establishing the entitlement to and amount of the fee is compensable.")  Further, on September 17, 2012, Plaintiff filed a

23  meritless and procedurally defective Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Summary Judgment and *Sua Sponte* Grant of

24  Summary Judgment to Defendants ("Motion for Reconsideration"). *See* Docket ("Dkt.") No. 78. Although Defendants Topson and Target have already filed an

25  opposition, they will likely incur additional fees and costs in conjunction with Plaintiff's frivolous Motion for Reconsideration.  *See* Dkt. No. 80.  Accordingly,

26  Prevailing Defendants respectfully reserve the right to file an amended or supplemental Motion for Attorneys' Fees and Full Costs to recover any costs incurred

27  after the filing of this Motion.

28  Further, Prevailing Defendants will submit a Bill of Costs when final judgment has been entered pursuant to L.R. 54-3.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

779880

Defendants.

Further, the fees and costs that Prevailing Defendants request were necessary and reasonable.  Prevailing Defendants' victory arrived late in the game when all three Defendants had already incurred significant fees and costs in defending against Meridian's meritless attacks for nearly a year including the cost of propounding and responding to discovery, taking three depositions, preparing expert reports and defending against Meridian's Motion for Summary Judgment, not to mention preparing for trial.

Further, Meridian is a serial offender, who has filed six such copyright infringement actions in the past year alone.  Declaration of Erica J. Van Loon ("Van Loon Decl."), ¶2 , Exh. 1.  Thus, this is precisely the type of case where Prevailing Defendants' position and its staunch defense against Meridian's meritless claims advanced the purposes of the Copyright Act.  Accordingly, Prevailing Defendants' reasonable fees and costs should be awarded not only to deter Plaintiff and others like it from advancing meritless claims, but also to encourage other defendants to defend themselves against frivolous accusations, especially those brought by serial plaintiffs such as Meridian.

## II.    STATEMENT OF FACTS

On October 7, 2011, Meridian filed a copyright action against Prevailing Defendants.  The complaint alleged two claims for relief: (1) Copyright Infringement; and (2) Contributory and/or Vicarious Copyright Infringement.  This action was one of six such copyright infringement actions brought by Meridian in the past year, five of which were filed by the same counsel who represent Meridian in this matter.  Van Loon Decl., ¶2 , Exh. 1.  In the suit against Prevailing Defendants, Meridian claimed Prevailing Defendants infringed the following alleged copyrighted fabric patterns: (1) S1479 ("Zebra Design"), (2) I03879 ("Animal Print Design"), (3) I03703 ("Burnout Design"), and (4) S2088 ("Lace Design") (collectively, the "Meridian Designs").

On July 20, 2012, Meridian moved for summary judgment, alleging it was

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   entitled to judgment as a matter of law, that it owned a valid copyright in its four

2   fabric designs, and that Prevailing Defendants infringed those designs.  Dkt. No. 39.

3   Prevailing Defendants' opposed on the grounds that: (1) Meridian did not own a valid

4   copyright in the designs at issue, and (2) Prevailing Defendants did not copy

5   Meridian's claimed designs.  Dkt. No. 44.

6   On August 24, 2012, the Court denied Meridian's Motion for Summary

7   Judgment and *sua sponte* granted summary judgment in favor of Prevailing

8   Defendants, finding that, as a matter of law, Meridian's copyright in the Zebra Design

9   is invalid and Defendants did not infringe Meridian's Animal Print Design, Burnout

10  Design and Lace Design. Order dated August 24, 2012, Dkt. No. 75 ("Order").

11  Specifically, the Court found "overwhelming support" that Meridian's Zebra Design

12  lacked the requisite originality for protection:

13  "Considering the evidence presented by the parties, the Court finds that
    Defendants succeed in rebutting the presumption [of validity] …
14  Comparing Plaintiff's Zebra Design to the various other zebra patterns
    introduced by Defendants, the Court finds the differences nearly
15  indistinguishable.  Scrutinizing both Plaintiff's and other zebra designs,
    the Court discerns only minute differences in the thickness of the lines
16  and orientation of the pattern. These minute differences do not rise to the
    level of originality … In this instance, the Court finds nothing that is
17  recognizably the artist's own ... [A]ny variation found in the Zebra
18  Design is merely trivial, lending nothing recognizable as the artist's
    design.  The Court **denies** summary judgment as to the validity of
19  Plaintiff's copyright in the Zebra Design. Rather, the Court finds that, as
20  a matter of law, Plaintiff's copyright in the Zebra Design is invalid."
    Order at p. 3.
21
22

23  With respect to the remaining three designs, the Court found that there was no

24  substantial similarity of protectable elements between the Meridian Designs and the

25  allegedly infringing garments.  Therefore, as a matter of law, Prevailing Defendants

26  did not infringe Meridian's Animal Print Design, Burnout Design, or Lace Design.

27  Order at pp. 5-8 ("Because Plaintiff has failed to satisfy the extrinsic test as to all

28  three designs at issue, Plaintiff's claim fails…").  Accordingly, this Court *sua sponte*

DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND "FULL COSTS"

779880

1   granted summary judgment in favor of Prevailing Defendants and found that the

2   Zebra Design is invalid and Prevailing Defendants did not infringe Meridian's

3   Animal Print Design, Burnout Design, or Lace Design.  Order at p. 8.

4        Prevailing Defendants have incurred $245,731.02 in attorney's fees and

5   $11,253.85 in non-taxable costs successfully defending against Meridian's meritless

6   claims. Van Loon Decl., ¶¶6, 8, Exhs. 3, 4 (Topson and Target); Declaration of Mark

7   D. Brutzkus ("Brutzkus Decl."), ¶¶4, 6, 11, Exhs. 2, 3 (Topson and Target); and

8   Declaration of Laura L. Chapman ("Chapman Decl."), ¶¶4, 6, 11, Exhs. 2, 3

9   (Walmart).  The scope of work included 682 hours of necessary defense-related

10  activities, including but not limited to the following: drafting and filing pleadings;

11  preparing for and appearing at the scheduling conference; drafting the protective

12  order; drafting and responding to various discovery; reviewing and producing almost

13  two thousand total pages of documents; preparing for and taking three depositions;

14  defending against Plaintiff's groundless Motion for Summary Judgment; preparing

15  expert reports; preparing for the settlement conference; preparing for trial; defending

16  against Plaintiff's frivolous Motion for Reconsideration; and drafting the Bill of Costs

17  and the present motion.  Van Loon Decl., ¶¶6-8, Exh. 3;  Brutzkus Decl., ¶¶4-6, Exh.

18  2; Chapman Decl., ¶¶4-6, Exh. 2.

19       The non-taxable costs incurred include, *inter alia*, costs for videotaped

20  depositions not included in Prevailing Defendants' Bill of Costs; certification,

21  exemplification and reproduction of documents not included in Prevailing

22  Defendants' Bill of Costs; electronic research fees; postage and courier expenses; and

23  expert fees. *Id.*

24  **III.    ARGUMENT**

25       **A.    As the "Prevailing Party," Topson, Target and Walmart are Entitled**

26              **to Attorneys' Fees and Full Costs Under 17 U.S.C. § 505**

27       The Copyright Act of 1976 expressly allows the prevailing party in a copyright

28  action to recover their "full costs," including reasonable attorneys' fees, at the Court's

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

4

779880

1    discretion.  17 U.S.C. section 505 provides that:

2
3        "In any civil action under this title, the court in its discretion may allow
         the recovery of full costs by or against any party other than the United
4        States or an officer thereof.  Except as otherwise provided by this title,
         the court may also award a reasonable attorney's fee to the prevailing
5        party as part of the costs."

6        Defendants who are the prevailing party are equally entitled to an award of fees

7    pursuant to 17 U.S.C. section 505 under the statutory "evenhanded" approach.

8    *Fogerty v. Fantasy*, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d

9    455, 471 (1994) (holding that courts should exercise "equitable discretion" in

10   determining whether attorneys' fees should be awarded); *Fantasy, Inc. v. Fogerty,* 94

11   F.3d 553, 557-558 (9th Cir. 1996).

12       Further, attorneys' fees should be awarded when the prevailing party's position

13   furthers the purposes of the Copyright Act.  *Fogerty*, 510 U.S. at 534-535; *Oskar Sys.,*

14   *LLC v. Club Speed, Inc.*, 2010 U.S. Dist. LEXIS 115714, *5 (C.D. Cal. Oct. 20, 2010)

15   ("Under the Copyright Act, the question is whether a successful defense of the action

16   furthered the purposes of the [Copyright] Act, not whether a fee award would do so").

17   An award of attorney's fees is not contingent on a finding of frivolousness or bad

18   faith, and there is no exceptional case requirement.  *Apple Computer v. Microsoft*

19   *Corp.*, 35 F.3d 1435, 1448 (9th Cir. 1994); *Jackson v. Axton*, 25 F.3d 884, 890 (9th

20   Cir. 1994).

21       As this Court granted summary judgment in favor of Topson, Target and

22   Walmart, they are each the undisputable prevailing party over Meridian.  Order at p.

23   8; *see San Diego Police Officers' Ass'n v. San Diego City Emples. Ret. Sys*., 568 F.3d

24   725, 741-742 (9th Cir. 2009) (concluding that appellees were prevailing party after

25   obtaining summary judgment on all federal claims); *Goldberg v. Cameron*, 2011 U.S.

26   Dist. LEXIS 89376, *5-7 (N.D. Cal. 2011) (awarding attorneys' fees to defendants

27   that prevailed on summary judgment); *see also Screenlife Establishment v. Tower*

28   *Video, Inc.,* 868 F.Supp. 47, 50 (S.D.N.Y. 1994) (holding defendant in copyright case

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

779880

is considered a prevailing party where they successfully defended against significant claims actually litigated in the action) (relying on *Fogerty*, 510 U.S. 517).  This Court should exercise its discretion and award Prevailing Defendants attorneys' fees and "full costs."

### B.   The Factors Weigh in Favor of Awarding Prevailing Defendants Attorneys' Fees

Every factor considered by the Court weighs in favor of awarding attorneys' fees and such an award of attorneys' fees to Prevailing Defendants certainly satisfies the key factor, furthering the policies of the Copyright Act.  In deciding whether to award a prevailing defendant its attorney's fees, the following nonexclusive factors are considered: (1) the degree of success obtained by defendant; (2) the frivolousness of plaintiff's claim; (3) the objective unreasonableness of plaintiff's factual and legal arguments; (4) plaintiff's motivation in bringing the lawsuit; and (5) the need for compensation and deterrence. *Fantasy,* 94 F.3d at 558; *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008) (*citing Jackson*, 25 F.3d at 890).  Faithfulness to "the purposes of the Copyright Act (to promote creativity for the public good)" is the key consideration when deciding whether to award attorneys' fees.  *Jackson*, 25 F.3d at 890.  Accordingly, attorneys' fees "should be awarded to a prevailing defendant where a successful defense furthers the policies underlying the Copyright Act, irrespective of plaintiff's culpability." *Identity Arts v. Best Buy Enter.*, 2008 U.S. Dist. LEXIS 119865, **5-6 (N.D. Cal. Mar. 26, 2008) (relying on *Fogerty*, 510 U.S. at 527-28).  The blameworthiness of the losing party, including a finding of bad faith or frivolousness, can also weigh in the decision to award attorneys' fees.  *Fantasy*, 94 F.3d at 558.  Whether to award of attorneys' fees "is reposed in the sound discretion of the [Court]." *Id.* at 555.  As explained in further detail below, each of the five factors set forth in *Fogerty* weigh in favor of Prevailing Defendants and their motion should be granted.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

779880

### 1.    <u>Prevailing Defendants Achieved Complete Success</u>

There is no doubt that the Court ruled in favor of Prevailing Defendants, holding:

> "[T]he Court finds that as a matter of law, Plaintiff's copyright in the Zebra Design is invalid.  While the remaining three copyrights are valid, the Court finds no infringement by Defendants.  Therefore, the Court *sua sponte* grants **summary judgment in favor of Defendants** on these issues."

Order at p. 8 (emphasis in original).

Topson, Target and Walmart achieved complete success in defending Meridian's claims and are the prevailing parties on summary judgment, which resulted in complete success on the merits of the case. Therefore, this factor supports an award of attorneys' fees to Prevailing Defendants and Prevailing Defendants' motion should be granted.

### 2.    <u>Prevailing Defendants' Complete Successful Defense Furthers the Purposes of the Copyright Act</u>

Plaintiff's claims in this lawsuit were frivolous and contrary to the purposes of the Copyright Act.  As the Supreme Court held in *Fogerty*, a successful defense can further the purposes of the Copyright Act every bit as much as a successful prosecution:

> "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. In the case before us, the successful defense of 'The Old Man Down The Road' increased public exposure to a musical work that could, as a result, lead to further creative pieces. Thus a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of copyright."

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   *Fogerty*, 510 U.S. at 527.

2          Here, Meridian frivolously claimed a monopoly in an unoriginal zebra print

3   fabric that was virtually identical and, in fact, "nearly indistinguishable" from

4   countless other zebra print fabrics in the public domain.  Order at p. 3.  Meridian also

5   tried to prevent Prevailing Defendants' from manufacturing and selling three other

6   fabrics despite the fact that this Court found no substantial similarities between the

7   protectable elements of the Meridian Designs and the allegedly infringing garments.

8   The Court also found that the allegedly infringing garments were facially

9   "significantly" dissimilar from Meridian's fabric designs.  *Id.* at 7-8.  Meridian's

10  overreaching and attempted stifling of competition stands in direct conflict with the

11  purposes of the Copyright Act.  *See e.g.*, *Fogerty*, 510 U.S. at 526 (holding the

12  copyright monopoly authorized in the Constitution (U.S. Const., Art I § 8, cl. 8) must

13  be limited in a fashion that ultimately serves the public good).

14         Under *Fogerty*, Prevailing Defendants are prevailing parties whose successful

15  defense furthers the purposes of the Copyright Act.  No more is required for a fee

16  award, and fees should be awarded. *See Fantasy*, 94 F.3d at 558 ("Faithfulness to the

17  Copyright Act is, therefore, the pivotal criterion."); *Assessment Techs. of Wi, LLC v.*

18  *Wire Data, Inc.,* 361 F.3d 434, 436-437 (7th Cir. 2004) (where defendant is prevailing

19  party, there is strong presumption in favor of awarding attorney's fees, because

20  without prospect of fee award, defendant might be forced into nuisance settlement or

21  deterred altogether from enforcing rights) (Posner, J.)  Indeed, based on the frivolous

22  nature of this claim and in light of the spate of similar fabric design copyright

23  infringement suits filed by Matrix in the last year (five of which were filed by

24  Meridian's attorneys in this action), it appears that Meridian is actively pursuing a

25  self-serving, anti-competitive campaign rather than raising genuine grievances.  Van

26  Loon Decl., ¶2, Exh. 1.  Given Prevailing Defendants' successful defense against

27  Meridian's meritless crusade, an award of fees will help encourage other defendants

28  to defend against similar baseless suits and will promote competition. Therefore, this

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

8

779880

1  factor weighs in favor of awarding attorneys' fees and Prevailing Defendants' motion

2  should be granted.

### 3. Meridian's Suit was Objectively Meritless

4     It is indisputable that Meridian's lawsuit against Prevailing Defendants had no

5  merit whatsoever. Meridian improperly claimed copyright infringement based on a

6  Zebra Design that was completely devoid of any originality and three other designs,

7  the Animal Design, Burnout Design and Lace Design, that were not substantially

8  similar and, in fact, facially significantly dissimilar to Prevailing Defendants' designs.

9  Order at pp. 3, 7. Meridian's copyright infringement claims were so meritless that the

10  Court *sua sponte* granted summary judgment in favor of Prevailing Defendants.

11     The Zebra Design did not achieve even the minimal level of originality

12  required for protection, and was accordingly found to be invalid as a matter of law.

13  Order at pp. 2-3.  Meridian asserted an exclusive right to a zebra pattern that is meant

14  to, and does, look exactly like a zebra.  As noted by Prevailing Defendants' expert,

15  Meridian's Zebra Design is merely a classic zebra style, which has been around since

16  at least the 18th Century.  Order at p. 3, citing Young Decl. ¶¶ 11-12.  While there are

17  hundreds of variations on the theme, the zebra print is a derivative idea copied from

18  nature, with few subtle variations, and is not particularly inventive or proprietary.  *Id.*

19  The classic pattern is distinct and recognizable in all of its representations and is

20  virtually indistinguishable from one another.  *Id.*

21     This Court found that, when "[c]omparing Meridian's Zebra Design to the

22  various other zebra patterns introduced by Defendants, the Court finds the differences

23  nearly indistinguishable." Order at p. 3.  Further, this Court explained that any minute

24  differences between the Zebra Design and existing zebra patterns "do not rise to the

25  level of originality." *Id.*  Indeed, this Court found "nothing that is recognizably the

26  artist's own." *Id.*  Indeed, this Court was unable to discern which of the designs

27  depicted were in fact, Plaintiff's Zebra Design, a fact which lent "overwhelming

28  support to the finding that any variation found in the Zebra Design is merely trivial,

779880

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   lending nothing recognizable as the artist's design." *Id.*  Accordingly, the Court

2   denied summary judgment as to the validity of Meridian's copyright in the Zebra

3   Design and found that, as a matter of law, Meridian's copyright in the Zebra Design is

4   invalid. *Id.*

5         Further, after comparing the Animal Print Design, the Burnout Design and the

6   Lace Design with Prevailing Defendants' respective designs, this Court found no

7   substantial similarities in protectable expression and found Meridian's Designs were

8   "significantly" different from Prevailing Defendants' designs.  *Id.* at 7.  Accordingly,

9   the Court held that, as a matter of law, Meridian failed to show substantial similarity

10  under the extrinsic test and found that "Defendants have not infringed Plaintiff's

11  copyrights in the Animal Print Design, Burnout Design, and Lace Design."  *Id.* at 7-8.

12  As Meridian's suit was objectively legally and factually unsound, the Court *sua*

13  *sponte* granted summary judgment in favor of Prevailing Defendants on these issues.

14  Accordingly, this factor weighs in favor of awarding attorneys' fees and Prevailing

15  Defendants' motion should be granted.

### 4.    Plaintiff's Motive was Improper and Considerations of Both Compensation and Deterrence Favor an Award

18        Prevailing Defendants should be awarded attorneys' fees to compensate for

19  their own losses and also to deter Meridian and other plaintiffs from bringing

20  frivolous copyright infringement lawsuits such as this one.  Considerations of

21  compensation and deterrence weigh in favor of granting attorneys' fees when they

22  advance the primary objective of the Copyright Act and do not impose an inequitable

23  burden on an impecunious plaintiff.  *Fantasy,* 94 F. 3d at 556.  "While one of the

24  goals of the Copyright Act is to discourage infringement, it is not the only goal."

25  *Actuate Corp. v. Aon Corp.,* 2012 U.S. Dist. LEXIS 118346, *5 (N.D. Cal. Aug. 21,

26  2012). Defendants are encouraged to defend themselves against meritless claims and

27  those "who seek to advance a variety of meritorious copyright defenses should be

28  encouraged to litigate them to the same extent that the plaintiffs are encouraged to

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1    litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527.

2        As in *Actuate*, Prevailing Defendants' successful defense furthers the

3    Copyright Act's underlying goal by protecting defendants from suits that are "not

4    tethered by sound facts or authorities." *Actuate*, 2012 U.S. Dist. LEXIS 118346 at

5    *5; *see also Fogerty*, 510 U.S. at 527.  As discussed above, Meridian's claims against

6    Prevailing Defendants were objectively meritless.  Further, Meridian's recent flurry of

7    copyright infringement suits raises serious questions about Meridian's motivation.

8    Van Loon Decl., ¶2 , Exh. 1.  Meridian has filed six copyright infringement suits in

9    the past year, five of which were filed by the same counsel who represents Meridian

10   in this case.[2]  *Id.*  Although Prevailing Defendants are not required to prove Meridian

11   acted with an improper motive, such evidence weighs in favor of awarding attorneys'

12   fees in order to deter Meridian, and other would-be plaintiffs from bringing bogus

13   lawsuits like this one solely to intimidate and harass their competition.  *Fantasy*, 94

14   F.3d at 558; *Actuate*, 2012 U.S. Dist. LEXIS 118346 at *4-5 ("A requirement of

15   improper motive takes too narrow a view of the purposes of the Copyright Act

16   because it fails to adequately consider the important role played by copyright

17   defendants") (citing *Fantasy*).

18       Further, Prevailing Defendants should be compensated for their attorneys' fees

19   to recover from the real economic harm they suffered as a result of Meridian's

20   frivolous suit.  Accordingly, considerations of both compensation and deterrence

21   further the purposes of the Copyright Act and militate in favor of an award of

22   attorneys' fees.

23       As can be seen from the foregoing, every factor weighs in favor of awarding

24   attorneys' fees to Prevailing Defendants and this Court should grant Prevailing

25

26   [2] In fact, Plaintiff's counsel is notorious for filing similar meritless and frivolous
     lawsuits alleging copyright infringement based on fabric designs and this is certainly
27   not the first time Plaintiff's counsel has lost this type of case on summary judgment.
     *See, e.g. Family Dollar Stores, Inc. v. United Fabrics International, Inc.,*
28   Case No. 11-cv-02574 (S.D.N.Y, Sep. 11, 2012) (Decision and Order Denying United
     Fabric International's Motion for Partial Summary Judgment).

779880

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1  Defendants' motion.

2  **C.    Prevailing Defendants' Fees Were Necessary and Reasonable**

3  The Court should grant Prevailing Defendants' request for an award of

4  attorneys' fees in the amount of $245,731.02 as these fees were reasonable and

5  necessary to Prevailing Defendants' successful defense.  Van Loon Decl., ¶¶6-8, Exh.

6  3; Brutzkus Decl., ¶¶4-6, Exh. 2; Chapman Decl., ¶¶4-6, Exh. 2.  If a court determines

7  that "fees are warranted under the Copyright Act, it must determine the reasonable

8  value of the work performed." *Identity Arts*, 2008 U.S. Dist. LEXIS 119865 at *6; *see*

9  *also Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003).  In

10  determining the reasonableness of attorney's fees, the Ninth Circuit generally

11  balances the following factors:

12  "(1) The time and labor required, (2) the novelty and difficulty of the
13  questions involved, (3) the skill requisite to perform the legal service
   properly, (4) the preclusion of other employment by the attorney due to
14  acceptance of the case, (5) the customary fee, (6) whether the fee is fixed
   or contingent, (7) time limitations imposed by the client or the
15  circumstances, (8) the amount involved and the results obtained, (9) the
16  experience, reputation, and ability of the attorneys, (10) the
   'undesirability' of the case, (11) the nature and length of the professional
17  relationship with the client, and (12) awards in similar cases."

18  *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975) (abrogated in
19
20  part on other grounds as stated in *Crane-McNab v. County of Merced*, 773 F. Supp.

21  2d 861 (E.D. Cal. 2011)).  However, not all factors are always relevant and a court

22  need not address each factor.  *Fantasy Inc. v. Fogerty*, 1995 U.S. Dist. LEXIS 6197,

23  *9 (N.D. Cal. May 2, 1995) ("A judge may consider all factors without talking about

24  all of them, because most are not matters on which anything is at issue or needs to be

25  said") (citing *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1481 (9th Cir.

26  1992)).

27  In the instant case, the fees requested by Prevailing Defendants are reasonable

28  and necessary.  Van Loon Decl., ¶¶6-8, Exh. 3; Brutzkus Decl., ¶¶4-6, Exh. 2;

Chapman Decl., ¶¶4-6, Exh. 2.  This case was pending for over ten months and was less than three months away from trial and Prevailing Defendants' counsel spent a combined total of over 680 hours performing myriad tasks in connection with their successful defense.  Van Loon Decl., ¶¶6-7; Brutzkus Decl., ¶¶4-5; Chapman Decl., ¶¶4-5.  Such tasks included but were not limited to, drafting and filing responsive pleadings, preparing for and taking three depositions, reviewing and/or producing almost 2,000 total pages of documents, preparing expert report and successfully defending against Meridian's Motion for Summary Judgment.  Van Loon Decl., ¶7; Brutzkus Decl., ¶5; Chapman Decl., ¶5.

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP,  Ezra Brutzkus Gubner LLP and Foley & Lardner LLP each use computerized systems of time billing, in which each attorney or other timekeeper enters his or her own time into the system daily.  Van Loon Decl., ¶9; Brutzkus Decl., ¶7; Chapman Decl., ¶7.  Each time entry includes the name of the client and matter, the number of hours spent, and a description of the work done.  *Id.*  In order to keep accurate records, timekeepers at each firm are instructed to enter time into their computer each day while their recollection of the work performed is still fresh in their minds.  *Id.*

Further, attorneys at each firm examined all of the time entries associated with this matter and took a conservative approach when deciding whether any particular entry should be stricken from a given bill or reduced.  Van Loon Decl., ¶10; Brutzkus Decl., ¶8; Chapman Decl., ¶8.  If an entry seemed duplicative or if a task appeared to have taken longer than might be expected, or concerned administrative or generalized matters, the hours were struck or reduced, and were not billed or were not reflected in the final billing numbers.  *Id*.  The goal of this exercise was to present a reasonable set of time entries. *Id.*

The billing rates charged in this case are $305-800 per hour for attorneys at Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP, $345-550 per hour for attorneys at Foley & Lardner and $325-475 for attorneys at Ezra Brutzkus Gubner

DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND "FULL COSTS"

779880

1  LLP.  Van Loon Decl., ¶¶6, 8, Exh. 3;  Brutzkus Decl., ¶¶4, 6, Exh. 2; Chapman

2  Decl., ¶¶4, 6, Exh. 2.  Prevailing Defendants believe these fees are in line with, or

3  even below average of the charges being billed in Los Angeles by other large law

4  firms for copyright infringement-based cases.  Van Loon Decl., ¶¶11-12;  Brutzkus

5  Decl., ¶¶9-10; Chapman Decl., ¶¶9-10.

6       Thus, this Court should exercise its discretion and award Prevailing Defendants

7  the attorneys' fees that they seek for work done by their counsel, such work being

8  reasonable and necessary.

9       **D.    The Court Should Also Award Non-taxable Costs**

10       In addition to attorneys' fees, the Court should grant Prevailing Defendants'

11  request for an award of "full costs" including non-taxable costs.  Under the Copyright

12  Act, Prevailing Defendants are entitled to "full costs" in addition to fees. 17 U.S.C. §

13  505.  Ninth Circuit law is clear that the language "full costs" under Section 505

14  includes not only those costs that are automatically taxable under 28 U.S.C. § 1920,

15  but also otherwise non-taxable costs incurred by the prevailing party.  *Twentieth*

16  *Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) ("we

17  hold that district courts may award otherwise non-taxable costs, including those that

18  lie outside the scope of § 1920, under § 505").  The Court explained:

19
20       "Construing § 505 as limiting the costs that may be awarded to any particular
         subset of taxable costs effectively reads the word 'full' out of the statute. We
21       must give every word in a statute meaning. To do otherwise would be to violate
         the long standing principle of statute interpretation that "statutes should not be
22       construed to make surplusage of any provision."
23
24  *Id.*  Thus, "full costs" under Section 505 means the full costs incurred by the

25  prevailing party in a copyright case.

26       The six categories of taxable costs routinely awarded to prevailing parties

27  include:

28       a.    Fees of the clerk and marshal;

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

779880

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

b.   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

c.   Fees and disbursements for printing and witnesses;

d.   Fees for exemplification and copies of papers necessarily obtained for use in the case;

e.   Docket fees under section 1923 of this title; and

f.   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; L.R. 54-4.  There is no question that these costs are recoverable by Prevailing Defendants and these costs are the subject of Prevailing Defendants' Bill of Costs to be filed with the Clerk as provided by Fed. R. Civ. P. 54 and the Local Rules once final judgment is entered.

In addition, Prevailing Defendants are entitled to recover "full costs" under Section 505 including all the other reasonable costs incurred in defending against Meridian's claims that are not expressly authorized by Section 1920 or the Local Rules.  Such non-taxable costs recoverable under Section 505 include expert witness fees; amounts beyond the allotted per diem witness fees; costs and fees for paralegals; and out-of-pocket expenses, including travel, telephone, mailing, copying and computerized legal research expenses.  *Kourtis v. Cameron*, 358 Fed. Appx. 863, 868 (9th Cir. 2009) ("The court's inclusion of an additional $37,850.00 to compensate Kassar's expert witness was not an abuse of discretion because non-taxable costs may be included in the calculation of 'full costs' under 17 U.S.C. § 505"); *Gilbert v. New Line Prods.,* 2010 U.S. Dist. LEXIS 141518, **19-20 (C.D. Cal. Dec. 6, 2010*) (finding requested costs for legal research and mailing reasonable under Section 505); *Identity Arts*, 2008 U.S. Dist. LEXIS 119865 at **28-29 (awarding costs for court reporter, printing, copies, legal research charges, FedEx mailings, hotels, experts, and miscellaneous matters pursuant to section 505; "general overhead expenses such as

postage, telephone calls and attorney travel" are recoverable);  *Yue v. Storage Tech. Corp.*, 2008 U.S. Dist. LEXIS 68920, *16 (N.D. Cal. Aug. 6, 2008) (prevailing party in a copyright infringement action is entitled to recover out of pocket expenses; legal research and courier fees are recoverable).  .

Here, Prevailing Defendants incurred $11,253.85  in non-taxable costs in this action, including expert witness fees; travel expenses; postage and courier costs; electronic legal research expenses on Lexis Nexis and Westlaw; PACER search fees; copying costs including imaging, photocopying and printing; and document preparation costs, which are recoverable as part of Prevailing Defendants' "full costs."  Van Loon Decl., ¶13, Exh. 4; Brutzkus Decl. ¶11, Exh. 3; Chapman Decl. ¶11, Exh. 3.  Each of these costs were necessary to Prevailing Defendants' successful defense.  Van Loon Decl., ¶14; Brutzkus Decl. ¶12; Chapman Decl. ¶12. Accordingly, the Court should grant Prevailing Defendants' motion and award Prevailing Defendants the full costs incurred during their successful defense of Meridian's meritless copyright infringement claims.

## IV.    **CONCLUSION**

For the foregoing reasons, Prevailing Defendants Topson, Target and Walmart respectfully request that this Court exercise its discretion and award Topson and Target attorneys' fees in the amount of $232,107.52 and non-taxable costs of $11,138.97 and Walmart attorneys' fees in the amount of $13,623.50 and non-taxable costs of $114.88, exclusive of the costs reflected in Prevailing Defendants' Bill of Costs.  To this end, Prevailing Defendants also request that this Court enter a Judgment that reflects the award of attorneys' fees and costs.

//

//

//

//

//

DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND "FULL COSTS"

779880

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   DATED:  October 1, 2012                    Respectfully submitted,

2                                              GLASER WEIL FINK JACOBS
                                                 HOWARD AVCHEN & SHAPIRO LLP
3

4                                              By: /s/ Erica J. Van Loon
5                                              ADRIAN M. PRUETZ
6                                              ERICA J. VAN LOON
                                               JESSICA WOOD
7                                                  Attorneys for Defendants
                                                   Topson Downs of California, Inc. and
8                                                  Target Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND "FULL COSTS"

779880