ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Defendants
*Topson Downs of California, Inc. and
Target Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO.: CV11-8351 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**DECLARATION OF ERICA J. VAN LOON IN SUPPORT OF DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND "FULL COSTS" UNDER SECTION 505 OF THE COPYRIGHT ACT**<br><br>Date:    October 29, 2012<br>Time:   9:00 a.m.<br>Dept.:   850 |

DECLARATION OF ERICA J. VAN LOON

779015.5

*(Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP — left margin)*

**DECLARATION OF ERICA J. VAN LOON**

I, Erica J. Van Loon, declare as follows:

1.      I am a partner in Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP ("Glaser Weil") and counsel for Defendants Topson Downs of California, Inc. ("Topson") and Target Corporation ("Target") (collectively with Wal-Mart Stores, Inc. ("Wal-Mart"), "Defendants").  I submit this declaration based on personal knowledge in support of Defendants' Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act ("Motion for Fees and Costs").  If called to testify under oath in Court, I could and would testify competently to the facts stated herein.

2.      This action was one of six such copyright infringement actions brought by Meridian in the past year, five of which were brought by Meridian's counsel in this matter.  Attached hereto as Exhibit 1 are true and correct copies of complaints filed in each of those actions that I obtained from the Public Access to Court Electronic Records ("PACER").

3.      On September 4, 2012, I met and conferred in person with Meridian's counsel regarding this Motion for Fees and Costs, providing the grounds upon which this relief would be sought.  Meridian's counsel indicated Meridian would oppose this motion.

4.      The lawyers at Glaser Weil who were primarily responsible for representing Topson and Target in connection with this action were Adrian M. Pruetz, Erica J. Van Loon, Robert L. Handler, Lauren M. Gibbs and Jessica A. Wood.  Attached hereto as Exhibit 2 are true and correct copies of the professional biographies of these attorneys.

5.      When possible, attorneys from Glaser Weil enlisted paralegals with lower billing rates to perform research and other tasks.

6.      Glaser Weil has spent over 210 hours representing Topson and Target

-1-
DECLARATION OF ERICA J. VAN LOON

779015.5

in this action.  This amount is based on the invoices that Glaser Weil sent Topson and Target for fees incurred from July 21, 2012 through August 31, 2012 and firm billing records from September 1, 2012 through September 27, 2012.  Attached hereto as Exhibit 3  are true and correct copies of those invoices and records.

7.     I, and the lawyers at Glaser Weil, performed the following tasks, among others, in connection with this case: (1) reviewing the Motion for Summary Judgment against Defendants, Defendants' opposition thereto and advising Topson regarding same; (2) preparing expert reports; (3) preparing and filing substitution of attorney papers;  (4) preparing for the settlement conference; (5) meeting and conferring with opposing counsel; (6) drafting and filing a proposed judgment; (7) drafting and filing Defendants' Opposition to Plaintiff's Motion for Reconsideration; and (8) drafting the Bill of Costs and the present motion.

8.     For the convenience of the Court, I have prepared a chart summarizing the hours that various attorneys and professionals of Glaser Weil spent in connection with this lawsuit:

| Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP | | | |
|---|---|---|---|
| **LAWYER/ PROFESSIONAL** | **HOURS** | **RATE** | **TOTAL** |
| Adrian M. Pruetz; Partner | 12.25 | $      800.00 | $      8,909.81 |
| Erica J. Van Loon; Partner | 43.00 | $      500.00 | $      21,147.07 |
| Robert L. Handler; Partner | 26.00 | $      525.00 | $      13,417.65 |
| Lauren M. Gibbs; Associate | 9.50 | $      395.00 | $      3,752.50 |
| Jessica A. Wood; Associate | 110.00 | $      305.00 | $      33,351.80 |

-2-
DECLARATION OF ERICA J. VAN LOON

779015.5

| Keile Jacquay; Paralegal | 10.75 | $ 230.00 | $ 2,428.69 |
|---|---|---|---|
| | **TOTAL Attorneys' Fees:** | **$** | **83,007.52** |

The total for July 21, 2012 through September 27, 2012 is $92,185.00, of which $83,007.52 is claimed by Glaser Weil in Topson and Target's Motion for Fees and Costs.

9.      Glaser Weil uses a computerized system of time billing, in which each attorney or other timekeeper enters his or her own time into the system daily.  Each time entry includes the name of the client and matter, the number of hours spent, and a description of the work done.  In order to keep accurate records, timekeepers at Glaser Weil are instructed to enter time into their computer each day while their recollection of the work performed is still fresh in their minds.

10.     I examined all of the time entries associated with this matter that were billed by Glaser Weil attorneys and recorded using the firm's time management software. I took a conservative approach when deciding whether any particular entry should be stricken from the bill or reduced. If an entry seemed duplicative or if a task appeared to have taken longer than might be expected, or concerned administrative or generalized matters, I struck or reduced the hours for the entry. The goal of this exercise was to present a reasonable set of time entries.

11.     The fees incurred and charged to Topson and Target in this action are fair and reasonable and are less than rates offered by most other law firms in Los Angeles, California for similar services by attorneys of comparable skill, experience and reputation.

12.     I am familiar with the prevailing rates charged by attorneys with similar experience and for similar kinds of work in intellectual property litigation, and those fees typically range upward of the $305-$800 per hour fees charged in this case.

-3-
DECLARATION OF ERICA J. VAN LOON

779015.5

13.     Lawyers at Glaser Weil incurred $7,050.46 in non-taxable costs in this action.  Attached hereto as Exhibit 4  is a true and correct copy of an itemization of those costs and  related invoices. For the convenience of the Court, I have prepared a chart summarizing the non-taxable costs Glaser Weil incurred in connection with this lawsuit on behalf of Topson and Target:

| Non-taxable Costs - Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP | |
|---|---|
| CATEGORY | AMOUNT |
| Witness Fees | $ 3,850.00 |
| Certification, Exemplification and Reproduction of Documents (Not Included in Bill of Costs) | $ 226.75 |
| Electronic Research (Lexis Nexis and PACER) | $ 2,794.06 |
| Postage and Courier Expenses | $ 179.65 |
| TOTAL Non-taxable Costs: | $ 7,050.46 |

14.     Based on my experience, I believe that these costs were necessary to Defendants' successful defense and were reasonably incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California on October 1, 2012.

/s/Erica J. Van Loon
Erica J. Van Loon

-4-
DECLARATION OF ERICA J. VAN LOON

779015.5