ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
   HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920 0

Attorneys for Defendants
*Topson Downs of California, Inc. and*
*Target Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; TARGET CORPORATION, a Minnesota Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>                    Defendants. | CASE NO.: CV11-8351 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR AWARD OF ATTORNEYS' FEES AND "FULL COSTS" UNDER SECTION 505 OF THE COPYRIGHT ACT**<br><br>Date:    October 29, 2012<br>Time:    9:00 a.m.<br>Dept.:    850 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants have amply demonstrated that this is exactly the type of case that warrants an award of attorneys' fees and full costs under *Fogerty's* even-handed approach. Plaintiff's opposition largely fails to even respond to Defendants' evidence and argument. For example, Plaintiff does not address the first two factors the Court considers in determining whether to award fees. First, Defendants are the prevailing parties, and are therefore entitled to seek an award of fees and full costs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455, 470 (1994). Further, Defendants achieved complete success, which is **the "most critical factor"** in determining the amount of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40, 52 (1983) (emphasis added).

As for the remaining factors, Plaintiff's papers are replete with material misstatements of the law and facts. For example, Plaintiff attempts to mislead the Court by misrepresenting that "this Court found Defendants changed Plaintiff's designs enough that they are not infringing." Plaintiff's Opposition to Defendants' Motion for Attorneys' Fees and "Full Costs," Dkt. 87 ("Oppo") at 2. ***This is not the Court's holding***. Instead, the Court held Plaintiff's Zebra Design invalid and the Multi-Animal Design, Burnout Design and Lace Design not infringed. Order dated August 24, 2012, Dkt. No. 75 ("Order") at 3, 7-8. Plaintiff also misrepresents the holding in *Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002) and misstates that where the Court finds *against* a plaintiff on the extrinsic test, "there is still be [sic] a question of fact for the jury on the intrinsic test." Oppo at 6, 9 (emphasis added). To the contrary, *Cavalier* only questions whether a jury should necessarily hear the question of substantial similarity after the court finds *in favor* of the plaintiff on the extrinsic test. As this Court correctly held, "[b]ecause Plaintiff failed to satisfy the extrinsic test as to all three designs at issue, Plaintiff's claim fails, and the Court need not address the intrinsic test." Order at 7; *Funky Films, Inc. v.*

*Time Warner Entm't Co., L.P*., 462 F.3d 1072, 1077 (9th Cir. 2006).

In addition, Defendants' successful defense furthers the purposes of the Copyright Act by protecting the public domain. *Fogerty,* 510 U.S. at 526-527. Plaintiff improperly asserted ownership of designs in the public domain that it does not own. Thus, an award of fees would not only compensate Defendants for the economic harm suffered in defending this action, but would also encourage other similarly situated Defendants to persevere in litigation and avoid being bullied into early settlement of non-meritorious cases, simply to avoid the cost of litigation.

Further, Plaintiff offers no evidence and no authority that Defendants' fees are unreasonable or excessive. The only case cited by Plaintiff, *EKB Textiles, Inc. v. Target Corp., et al.,* CV-10-4443 RGK, involved *one* design and *two* defendants (who incidentally conceded liability at trial). Accordingly, Plaintiff's assertion that Defendants' request for $245,731.02 for 682 hours of work for *four* times as many designs and *three* defendants is unreasonable, because these numbers are right on target with its own authority.

Finally, Plaintiff does not dispute Defendants' request for "full costs." Thus, Defendants are entitled to all costs, including non-taxable costs, under the Copyright Act. For all these reasons, the Court should exercise its discretion and award Defendants their reasonable attorneys' fees and "full costs."

## II.    ARGUMENT

### A.    The Opposition Is Procedurally, Factually and Legally Defective

As a threshold matter, Plaintiff ignores the Court's rules[1] and its brief is replete with misrepresentations of fact and law. For example, this Court did not hold that "Defendants changed Plaintiff's designs enough that they are not infringing." Oppo at 2. To the contrary, the Court did not say anything like that and instead found Plaintiff's Zebra Design invalid and the Multi-Animal Design, Burnout Design and

---

[1] Plaintiff's brief is several pages overlength, in direct violation of the Court's standing order and without seeking permission of the court. Standing Order Regarding Newly Assigned Cases at ¶6.

Lace Design not infringed. Order at 3, 7-8. Plaintiff also misstates that Defendants admitted using Plaintiff's designs as "inspirations" in making their own designs; this does not appear anywhere in the record and is also false. Oppo at 2, fn. 3; *see* Dkts. 47-49, Gilchrist Decl. at ¶5, Andino Decl. at ¶6 and Mortarotti Decl. at ¶6.

In fact, Plaintiff's "evidence" consists almost entirely of altered portions of Defendants' invoices, which are taken out of context and should not be considered. Declaration of Stephen Doniger at ¶¶1, 3-5, Exhibits "Ex." 1, 3-5. Plaintiff's doctored exhibits excise entries showing that Defendants thoroughly reviewed their bills and removed duplicate and unnecessary charges, as shown by countless "no charge" entries. *Id.; see e.g.* Declaration of Mark D. Brutzkus ("Brutzkus Decl.") at ¶4, Ex. 2. Accordingly, the Court should disregard the Doniger Declaration and review instead the unaltered bills attached to the Declarations of Erica J. Van Loon, Mark D. Brutzkus and Laura L. Chapman, in support of Defendants' Motion.

In addition to misstating the holding from *Cavalier* as expressed above, Plaintiff also gets the holding in the New York district court case, *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001), entirely wrong. *Earth Flag* does not stand for the proposition that attorneys' fees should not be awarded where the case raises novel or close legal questions. Oppo at 6, fn. 5. In fact, in *Earth Flag*, the prevailing defendant was awarded fees because the "case presented a straightforward copyright infringement claim that was objectively unreasonable." *Earth Flag*, 154 F. Supp. 2d at 668. Specifically, plaintiff was "objectively unreasonable in its position that the Earth Flag was sufficiently original to warrant copyright protection [because] … the Earth Flag 'is nothing more than a public domain photograph transferred from the medium of paper to the medium of fabric.'" *Id*. at 667.  Accordingly, Plaintiff's analysis is unfounded and should be disregarded.

Plaintiff also devotes an entire page of its oversized brief to *Pasillas v. McDonalds*, 927 F.2d 440 (9th Cir. 1991), which Plaintiff incorrectly contends "denied attorneys' fees after finding no substantial similarity at summary judgment."

Oppo at 10. As a threshold matter, *attorneys' fees* were not at issue in *Pasillas* and were never even requested! Rather, the *Pasillas* court declined to grant the prevailing defendant's request for *sanctions* against plaintiff for bringing an appeal. *Pasillas*, 927 F.2d at 444. As sanctions are not at issue (yet), *Pasillas* is completely irrelevant.

Finally, Plaintiff's contention that it did not have sufficient time to oppose this motion is baseless, given that Defendants' counsel met and conferred with Plaintiff on September 4, 2012, over a month before the motion was filed. Declaration of Erica J. Van Loon in Support of Defendants' Motion for Award of Attorneys' Fees and "Full Costs" Under the Copyright Act, Dkt. 84 ("Van Loon Decl.") at ¶3. Accordingly, Plaintiff's request for permission to submit additional briefing and exhibits, where it is already well-over the page limit, should also be rejected. *See e.g.* Oppo at 19, 23.

### B. The Factors Weigh in Favor of Awarding Prevailing Defendants Attorneys' Fees, and Plaintiff Fails to Show Otherwise

Defendants have amply demonstrated that this is precisely the type of case that warrants fees under *Fogerty's* even-handed approach. *Fogerty*, 510 U.S. at 517. On remand, the Ninth Circuit held that Courts may consider several non-exclusive factors in deciding whether to exercise their discretion to award fees and identified "[f]aithfulness to the purposes of the Copyright Act [as] . . . the pivotal criterion." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996).

***Prevailing Party***. Plaintiff does not dispute or even address that Defendants prevailed on summary judgment. *See* Defendants' Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act, Dkt. 83 ("Mot.") at 4-6. Accordingly, this factor weighs in favor of awarding attorneys' fees and "full costs" to Defendants.

***Degree of Success.*** Plaintiff also does not mention that Defendants achieved complete success on the merits, or that the high degree of success Defendants enjoyed is a significant factor in the fee analysis. Mot. at 7. In fact, the degree of success is the "most critical factor" in determining the *amount* of fees. *Hensley*, 461 U.S. at 436;

*Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005).  Here, the Court *sua sponte* granted summary judgment in favor of Defendants as to each one of the four designs at issue. Order at 8.  No greater degree of success could have been achieved.  Accordingly, this Court should exercise its discretion and award prevailing Defendants attorneys' fees and "full costs."

*Frivolousness/Objective Unreasonableness*.  While frivolousness and objective unreasonableness are no longer requirements for awarding fees, a finding of objective unreasonableness in this case supports an award of fees to Defendants. *See Fantasy*, 94 F.3d at 556-60 (upholding award of attorney's fees based on the prevailing party's success and the policy objectives of the Copyright Act, even though the district court found that none of the culpability factors—frivolousness, motivation, or objective unreasonableness—weighed against the losing party).  Plaintiff incorrectly states that "[b]ecause the positions taken by Plaintiff were neither frivolous nor objectively unreasonable, an award of attorneys' fees and costs is unwarranted." Oppo at 4.  However, this is not the law and this position was expressly rejected by the Ninth Circuit. *Id.* at 560 ("***a finding of bad faith, frivolous or vexatious conduct is no longer required***") (emphasis added).

Further, Plaintiff may not rely on copyright registrations for works in the public domain. As the Court's holding demonstrates, Plaintiff improperly asserted ownership of a Zebra Design that is "nearly indistinguishable" from various other zebra patterns in the public domain that Plaintiff does not, and cannot, own. Order at 3.  Further, Plaintiff's Multi-Animal Design was copied directly from a clip art book in the public domain. Van Loon Decl. in Support of Opposition to Motion for Reconsideration, Dkt. 81 ("Van Loon Decl., Dkt. 81") at ¶2, Ex. 1.  Plaintiff's own declarations submitted on summary judgment demonstrate that it did not register its Zebra Design and Burnout Design until after it sent samples to its competitors and only after it bought purported "infringing" designs from Target stores. Declaration of Howard Deutchman in Support of Plaintiff's Motion for Summary Judgment, Dkt. 39-2 at

¶¶4-12. Thus, Plaintiff's "timing" and "access"[2] argument only shows that Plaintiff likely had an improper motive for registering its copyrights and attacking its competitors with them. Oppo at 5.

Nor was this case a "close call" with respect to substantial similarity, as Plaintiff suggests. Plaintiff ignores the Court's holding that the Zebra Design taken from the public domain is invalid and the Multi-Animal Design, Burnout Design and Lace Design are not infringed. Oppo at 4; Order at 8. This Court applied the proper analysis of substantial similarity, found no substantial similarity under the extrinsic test, and *sua sponte* granted summary judgment in Defendants' favor. Order at 7-8. This Court's analysis followed a straightforward application of copyright law and does not reference any complex legal issues regarding substantial similarity. *Id.*

***Improper Motive.*** Contrary to Plaintiff's assertions, this is not a case where a "starving artist" designer had valid existing copyrights and then discovered infringement and sought to enforce his rights. Oppo at 11-12, 15. Rather, this is a case between competitors in the textile industry, in which Plaintiff improperly acquired copyrights in at least two designs within the public domain, in order to gain a competitive advantage. Further, Plaintiff only held one copyright registration prior to sending out its samples and it was not until ***after*** finding the garments at issue that Plaintiff applied to register two of the copyrights at issue on January 6, 2010. *Id.* at ¶¶4, 6, 8, 10. Plaintiff's exploitation of the Copyright Act for its own financial benefit and to harass and intimidate its competitors is improper.

Interestingly, Plaintiff does not provide any of evidence of proper motive for bringing *this case* and instead relies on various other cases brought by Plaintiff's counsel on behalf of another entity, *L.A. Printex,* which are irrelevant here. Oppo at

---

[2] Plaintiff cites no authority, and there is none, for its proposition that evidence of access and timing of Defendants' sale of its garments justifies its belief there was a colorable claim. Oppo at 5. The Order relied on by Plaintiff in *Estate of Elkan v. Hasbro, Inc*., 04-1334-KI, 2006 WL 240530 (D. Or. Jan. 30, 2006) does not mention access or timing. Further, in *Estate of Elkan v. Hasbro, Inc*., 2005 U.S. Dist. LEXIS 31115, 14-16 (D. Or. Nov. 18, 2005), the district court actually found that defendant had *no access* to plaintiff's game.

12-13. Plaintiff has not shown that it had a proper motive in bringing *this* suit or the five others it filed in the last calendar year alone, and the Court should exercise its discretion to grant Defendants attorneys' fees. Van Loon Decl. at ¶2, Ex. 1.

***Purposes of the Copyright Act.*** Plaintiff misstates the legal standard for this factor. Under the Copyright Act, "the question is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." Oppo at 13; *Fogerty,* 510 U.S. at 527 ("defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.") The Supreme Court identified this as the touchstone of the fees inquiry in *Fogerty* and discussed at length the importance of recognizing that a successful defense also contributes to the purposes of the Act. *Id.* at 527, 535, fn. 19. Under *Fogerty*, Defendants' assertion of meritorious defenses that Plaintiff's copyrights were invalid and not infringed should be rewarded. Awarding fees to a defendant prevailing on summary judgment encourages other similarly situated Defendants to persevere against meritless infringement claims.

Further, Plaintiff misses the true ultimate purpose of the Copyright Act, which is to enrich the public domain. *Id.* at 527 ("copyright law ultimately serves the purpose of enriching the general public thorough access to creative works"). Here, Defendants' successful defense prevented Plaintiff from exerting a monopoly over works it improperly removed from the public domain, including its Zebra Design and its Multi-Animal Design, which it cannot and does not own. Van Loon Decl., Dkt. 81 at ¶2, Ex. 1. Accordingly Defendants have served the true purpose of the Copyright Act by protecting the public domain.

***Compensation/Deterrence.*** Plaintiff does not dispute that Defendants have suffered real economic harm as a result of this lawsuit. Accordingly, Defendants should be compensated for the harm they have suffered.

### C. Prevailing Defendants' Fee Request Is Necessary and Reasonable

#### 1. Defendants Attorneys' Fees are Reasonable

The sole case cited by Plaintiffs in defense of reasonableness, *EKB Textiles v. Target Corp.*, *et al.*, CV-10-4443 RGK, is distinguishable from the instant case in several ways. First, *EKB Textiles* involved only *one* design and two defendants. *EKB Textiles*, CV-10-4443 RGK, Order re: Motion for Attorneys' Fees, Dkt. 204. Further, in *EKB Textiles*, after the Defendant conceded liability at trial, the Court awarded plaintiff $60,000 in fees for 200 hours of work on top of the jury's award of $389,835. *Id.* In the instant case, *three* Defendants have had to defend meritless charges that they infringed *four* designs for over a year. Plaintiff cannot reasonably argue that $245,731.02 for 682 hours of work for *four* times as many designs and *three* defendants is unreasonable when these numbers are right on target with its own authority.

In addition, there is no basis for Plaintiff's claim that Defendants' fee request is excessive. Plaintiff's counsel claims that $245,731.02 for 682 hours is an "unbelievable amount of time sought to be charged at an exorbitant rate." Oppo at 17. Yet, in *EKB Textiles,* Plaintiff's counsel requested $203,336 for 487 hours of work, which computes to an average of $416 per hour – $56 more per hour than the average rate in this case of $360 per hour. *EKB Textiles*, CV-10-4443 RGK, Motion for Attorneys' Fees, Dkt. 191 at 8. Accordingly, Plaintiff's counsel cannot argue here that Defendants' fee request is excessive.

#### 2. Defendants' Attorneys' Fees are Necessary

Plaintiff's claim that some of Defendants' fees are unnecessary is without merit. Plaintiff ignores all the work that Defendants' counsel was forced to do after the Motion for Summary Judgment was briefed. Oppo at 17. For example, Defendants' prepared expert reports after the summary judgment motions were briefed but before this Court's order issued. Defendants' counsel also spent time responding to Plaintiff's Motion for Reconsideration, initiating trial preparations and

drafting this motion for fees, all of which are recoverable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("time spent in establishing the entitlement to and amount of the fee is compensable.")

Further, Defendants assertion that Glaser Weil Fink Jacobs Howard Avchen and Shapiro LLP ("Glaser Weil") unfairly billed to get "up to speed" is without any support in the record. Oppo at 17. Glaser Weil was retained at the summary judgment stage to assist with Defendants' opposition strategy, which was performed by senior level partners and which ultimately won the case.

### 3. Defendants Have Met Their Burden of Proving Their Fees Are Reasonable and Necessary

Plaintiff does not provide a single piece of evidence in support of its argument that Defendants' fee request is excessive or unreasonable. Plaintiff's fee reduction calculations are simply pulled out of thin air and should be disregarded. *See, e.g.* Oppo at 18-19. Plaintiff's doctored exhibits, which appear to be snippets of Defendants' bills, conveniently omit numerous "no charge" entries and courtesy discounts on Defendants' invoices that show Defendants combed through their bills and removed duplicative entries. Van Loon Decl. at ¶¶6, 10, Ex. 3; Brutzkus Decl. at ¶¶4, 8, Ex. 2; Chapman Decl. at ¶¶4,8, Ex. 2. Defendants' invoices include over 100 entries where charges were removed. *Id.* The doctored exhibits in the Doniger declaration are misleading and should be disregarded.

### 4. Expenses for Travel are Recoverable

Plaintiff cites no authority and there is none that precludes recovery of time for travel. Oppo at 19. Litigation expenses such as "necessary travel" are integrally related to the work of an attorney and can be recovered. *Robinson v. Lopez*, 2003 U.S. Dist. LEXIS 24382 at *16-17 (C.D. Cal. Nov. 20, 2003) (awarding travel fees under the Copyright Act). The authority cited by Plaintiff, *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1106-8 (E.D. Cal. 2011) is not a copyright case and it does not hold that block billing is not allowed for local travel. In *Jadwin,* the Court denied fees

for block-billed travel because the attorney in question had provided inadequate fee documentation and refused to submit supplemental billing information. *Id*.; Oppo at 19. Here, Defendants submitted accurate and highly-detailed records.

### 5. There Are No Duplicative Bills

Plaintiff does not point to a single activity that is purportedly double billed and there are none. Again, Plaintiff points only to its own exhibits which present several random entries extracted from Defendants' invoices but fails to explain how these are redundant or duplicative, which they are not. Oppo at 20-21. Further, as discussed above, Plaintiff's own exhibits ignore over 100 "no charge" entries.

### 6. The Average Fees For This Case Are Reasonable

There is no evidence, and Plaintiff points to none, showing that Defendants' rate for paralegals is unreasonable or that paralegals and attorneys were performing secretarial tasks. Oppo at 22. The average rate in this case is $360 per hour--over $50 less than the average rate of $416 submitted by Plaintiff's counsel in *EKB Textiles. Id.*; *EKB Textiles*, CV-10-4443 RGK, Motion for Attorneys' Fees at 8.

### D. Plaintiff Does Not Dispute An Award Of Non-taxable Costs

Plaintiff fails to address Defendants' request for non-taxable costs. Accordingly, the Court should grant Defendants' request and award "full costs," including non-taxable costs, in addition to fees. *See* Mot. at 14-16. It is undisputed that "full costs" under Section 505 include not only those costs that are taxable under 28 U.S.C. § 1920, but also non-taxable costs incurred by the prevailing party. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005). Therefore, the Court should exercise its discretion and award Defendants the full costs of $11, 253.85.

## III. CONCLUSION

For the foregoing reasons, Defendants Topson, Target and Walmart respectfully request that this Court exercise its discretion and award Defendants reasonable attorneys' fees and "full costs" under Section 505 of the Copyright Act.

| | |
|---|---|
| DATED: October 15, 2012 | Respectfully submitted, |
| | GLASER WEIL FINK JACOBS HOWARD AVCHEN & SHAPIRO LLP |
| | |
| | By: /s/ Erica J. Van Loon |
| | ADRIAN M. PRUETZ |
| | ERICA J. VAN LOON |
| | JESSICA WOOD |
| |    Attorneys for Defendants Topson Downs of California, Inc. and Target Corporation |