UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-8351-RGK (JCx) | Date | November 15, 2012 |
|---|---|---|---|
| Title | MERIDIAN TEXTILES, INC. v. TOPSON DOWNS OF CALIFORNIA | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion for Attorneys Fees (DE 83)

## I. INTRODUCTION

On October 7, 2011, Meridian Textiles, Inc. ("Plaintiff") filed a copyright action against Topson Down, Inc. ("Topson"), Target Corp. ("Target"), and Wal-Mart Stores, Inc. ("Wal-Mart") (collectively, "Defendants"). Plaintiff alleged direct, contributory, and vicarious infringement as to four of its registered copyrighted designs. On August 24, 2012, the Court dismissed all claims against Defendants on summary judgment.

Before the Court is Defendants' Motion for Attorneys' Fees and "Full Costs." For the following reasons, the Court **DENIES** Defendants' Motion.

## II. FACTUAL BACKGROUND

Plaintiff is a design company that works with garment manufacturers looking for fabric printed with artwork. As part of its business, Plaintiff creates original two-dimensional graphic designs or purchases exclusive rights to original artwork from art studios.

Between 2008 and 2009, Plaintiff's in-house designer created the four registered copyrighted designs at issue in this action. Thereafter, Plaintiff offered samples of the designs to numerous customers in the apparel industry, including Defendants. Between December 2009 and February 2010, Plaintiff purchased garments at Defendants' stores, which Plaintiff believes infringes its designs. Plaintiff then filed a Complaint against Defendants on October 7, 2011.

On July 20, 2012, Plaintiff moved for summary judgment. After evaluating Plaintiff's claims, the Court *sua sponte* granted summary judgment in favor of Defendants, finding that one of Plaintiff's copyrights was invalid, and that the others were not infringed. On October 1, 2012, Defendants filed this Motion for Attorneys' Fees.

## III. JUDICIAL STANDARD

Pursuant to the Copyright Act, a district court has discretion to award the recovery of full costs and reasonable attorney's fees to the prevailing party. 17 U.S.C. § 505. The Supreme Court has articulated a number of nonexclusive factors that courts should consider when making these determinations: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Courts should be faithful to the purposes of the Copyright Act and apply the factors in an evenhanded manner to prevailing plaintiffs and prevailing defendants alike. *Id.* at 523-25. Additionally, the Ninth Circuit has added other considerations, including "the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." *Ets–Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003).

## IV. DISCUSSION

Defendants argue that they are entitled to an award of attorneys' fees under Section 505 of the Copyright Act because their defense furthered the purposes of the Act. The Court disagrees. The Court analyzes each of the relevant *Fogerty* and Ninth Circuit factors and finds, in its discretion, that an award of attorneys' fees to Defendants is not appropriate.

### A. Degree of Success Obtained

Defendant achieved complete success in defeating Plaintiff's claims at summary judgment. This factor weighs in Defendant's favor.

### B. Frivolousness and Objective Unreasonableness

A frivolous claim is one in which the factual contention is "clearly baseless," such as factual claims that are "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 324, 325-28 (1989). A claim is not frivolous merely because it is unsuccessful. *Id.* at 329.

Though Plaintiff was unsuccessful, it did not bring a clearly baseless suit. It was reasonable for Plaintiff to rely on the presumption of validity granted to its registered copyrights in its decision to bring suit. Moreover, a comparison between Plaintiff's and Defendants' designs shows that Plaintiff's claims were not fantastic or delusional. This factor weighs in Plaintiff's favor.

### C. Motivation

Defendant points to several copyright infringement suits filed by Plaintiff in the past year as evidence of its motivation to bring these suits solely for harassment and anti-competitive purposes. However, the use of past litigation to cast doubt on a litigant's present credibility warrants careful scrutiny. *See D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) (involving ADA claims). Without actual proof of improper motive, the Court cannot find that Plaintiff's motivation in bringing this case was anything other than to protect its intellectual property. Thus, this factor weighs in Plaintiff's favor.

### D.    Compensation and Deterrence

As already noted, there is no evidence that Plaintiff's claims were ill-motivated or anti-competitive. Thus, this case presents no reason to employ deterrence measures against Plaintiff. Moreover, while Defendants may feel that compensation is appropriate, it is the general rule in this country that "parties are to bear their own attorney's fees." *Fogerty*, 510 U.S. at 533. Thus, the Court finds this factor to be neutral.

### E.    Purposes of the Copyright Act

The main purpose of the Copyright Act is to enrich the public through access to creative works. *Fogerty*, 510 U.S. at 527. "To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.*

Defendants argue that their defense helped further these purposes of the Copyright Act because (1) Defendants helped return creative works to the public domain by invalidating one of Plaintiff's copyrights, and (2) the Copyright Act is meant to encourage meritorious copyright defenses. The Court disagrees.

First, the fact that Plaintiff's copyright was invalidated, by itself, does not necessarily further the purposes of the Copyright Act. Plaintiffs, even those with meritorious claims, would likely be discouraged from bringing suit if the threat of attorneys' fees looms in the event their copyright is eventually found invalid. This would, in fact, frustrate the purposes of the Copyright Act, which is meant to equally encourage both meritorious claims and defenses.

Second, Defendants already have ample incentive to defend copyright claims even without an award of attorneys' fees. *See Bisson-Dath v. Sony Computer Entm't Am. Inc.*, CV-08-1235 SC, 2012 WL 3025402, at *3 (N.D. Cal. July 24, 2012). As Defendants themselves contend, Plaintiff and Defendants are competitors in the textile industry that buy and sell designs. Their businesses depend on prosecuting and defending their intellectual property. Therefore, the Court finds this factor to be neutral.

### F.    Balancing the Factors

The only factor to weigh in Defendants' favor is the degree of success obtained. The remaining factors are either neutral or favor the denial of fees. Therefore, after a careful balancing of all relevant considerations, the Court denies Defendants' Motion for Attorneys' Fees.

## V.    CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

:

Initials of Preparer